The Twenty-third Street Baptist Church, Appellant, *v.* Jacob W. Cornell et al., Executors, etc., Respondents.

W., defendant's testatrix, with others, subscribed a paper, by the terms of which they agreed to pay the sum severally set opposite their names towards erecting a church edifice on the condition that the aggregate of subscriptions should not be less than the amount of $50,000. Opposite W.'s name was the sum of $5,000. There was no evidence that she requested the church corporation to build a new edifice, or that it promised that it would, or that there was any endeavor to obtain subscribers by her wish or directions. *Before any expenditures were made or work begun on the edifice* W. died. In an action upon the subscription, *held,* that it was merely an executory gift supported by no consideration, and so void; that the subscriptions of several furnished no consideration for the promise of any one; that upon the death of W. the gift was revoked, and no after action of the church corporation in erecting the church could affect that result, nor could her executors bind the estate by any assent to the work of construction or convert the revoked promise into an enforceable liability against the estate; and, therefore, that plaintiff could not recover.

Reported below, 24 J. & S. 260.

(Argued December 11, 1889; decided January 14, 1890.)

Appeal from a judgment of the General Term of the Superior Court of the city of New York, entered upon an order made October 25, 1888, which affirmed a judgment entered upon an order dismissing the complaint on trial, and affirmed an order denying a motion for a new trial.

This action was brought to recover the sum of $5,000 alleged to have been subscribed by Catherine Weeks, defendant's testatrix, on or about December 14, 1881, for the purpose of constructing a church edifice. The subscription paper was as follows:

" We, the undersigned, hereby agree to pay on May 1st, 1882, or sooner, at our own option, the sums severally set to our names towards a church edifice fund of fifty thousand dollars ($50,000), now being raised by the Stanton Street Baptist Church of New York city, on condition that the aggregate of subscriptions herein found shall not be less than the said amount of fifty thousand dollars ($50,000)."

The testatrix signed the paper and wrote opposite her name the sum of $5,000.

On April 7, 1882, the testatrix died. The building of the church edifice was not begun until May 1, 1882, and no expenditures were made thereon until that date.

*Edward S. Clinch* for appellants. *Prima facie* at least, every member of these unincorporated bodies who were subscribers became personally liable for the amount of the subscription, and this liability could have been enforced by the plaintiff had the subscriptions not been paid. (Code Civ. Pro. §§ 1919–1924; Laws 1849, chap. 258; *Ebbinhousen* v. *Worth Club,* 4 Abb. N. C. 300; *Park* v. *Spaulding,* 10 Hun, 128; *Roberts* v. *Cobb,* 103 N. Y. 600.) The fact that a subscriber was a married woman would not relieve her from liability for the subscription. The subscription was an independent contract by which a married woman could bind herself. (*Conlin* v. *Cantrell,* 64 N. Y. 217; *Tiemeyer* v. *Turnquist,* 85 id. 516; *Ackley* v. *Westervelt,* 86 id. 453; *Crisfield* v. *Banks,* 24 Hun, 159; *Foster* v. *Conger,* 61 Barb. 147; *Ainsley* v. *Mead,* 3 Lans. 116; *Speck* v. *Gurnee,* 25 Hun, 644.)

*Flamen B. Candler* for respondent. Where a subscription is made upon condition that a certain sum shall be subscribed within a specified time, all the subscribers must be equally liable in order to make legally binding any of the subscriptions. And the condition is not fulfilled unless the subsequent subscriptions are legally binding and made by solvent and responsible persons upon no other conditions than those limiting the liability of the first subscriber. (*Stewart* v.

*Trustees, etc.,* 2 Denio, 403; *Westminister College* v. *Gamble,*
42 Mo. 411; *N. Y. E. Co.* v. *De Wolfe,* 31 N. Y. 273;
*Chesebrough* v. *Wright,* 51 id. 662.)   Subscriptions to a church
edifice fund on a subscription paper similar to the one in this
action, made by unincorporated bodies or associations, such as
the " Ladies' Association " and the like, are not binding in law ;
and when it is necessary to include the amount of such invalid
subscriptions in order to make up the amount required,
as the condition precedent to the subscribers' liability, none
of the subscribers to the paper are bound. (*Presbyterian
Church* v. *Cooper,* 45 Hun, 453, 456; 112 N. Y. 517;
*People's Bank* v. *S. A. R. C. Church,* 39 Hun, 498; 109
N. Y. 512.)   These subscriptions were invalid at the time they
were made.   This invalidity could only be cured by the pay-
ment of the money under them before May 1, 1882.   Any
payment subsequent to that date would be ineffectual, and it
appears by the evidence that all payments upon every one of
them were made subsequently to May 1, 1882.   (*Stewart* v.
*Trustees, etc.,* 2 Denio, 403; 1 N. Y. 581.)   The subscription
of " David McMullen, E. D. Garnsey, Amasa Higgins, John
Van Iderstine, Harry Angell, J. A. Bennett, $3,500," was
ineffectual as a compliance with the condition expressed in
the subscription proper, because those persons subscribed upon
the further condition that they should be liable only on their·
failure to collect that amount from other persons. (*Stewart*
v. *Trustees, etc.,* 2 Denio, 403.)   In consequence of the
invalidity of the subscriptions the total amount subscribed
before May 1, 1882, fell short of $50,000, and the condition
of Catherine Weeks' liability was never fulfilled, and neither
she nor her estate ever became liable for the $5,000 set opposite
her name. (*Presbyterian Church* v. *Cooper,* 45 Hun, 453 ;
112 N. Y. 517.)   It appears that a large majority of the names
on the subscription list were not signed by the parties sub-
scribing, but were written by James A. Bennett many of them
without any direct authority from the persons against whose
names sums of money appear   (*People's Bank* v. *S. A. R. C.
Church,* 109 N. Y. 512–525.)   The subscription of Catherine

Weeks was void for want of consideration, for it was a mere naked subscription, not implying any request by the subscriber. (*Presbyterian Church* v. *Cooper*, 112 N. Y. 517; *Stewart* v. *Trustees, etc.*, 2 Denio, 403; *Wilson* v. *Baptist Society*, 10 Barb. 308; *Van Rensselaer* v. *Aiken*, 44 N. Y. 126; ·*Cottage Church* v. *Kendall*, 121 Mass. 528.) Where a voluntary subscription is made for charitable purposes, and where no specific request was made at the time of the sub- ·scription, the contract becomes binding on the subscriber only in case expenses are incurred, etc., upon the faith of his sub- scription, to which expenses the subscriber, expressly or impliedly, assents. (*Presbyterian Church* v. *Cooper*, 112 N. Y. 517; *Stewart* v. *Trustees, etc.*, 2 Denio, 403; *Wilson* v. *Baptist Society*, 10 Barb. 308; *Van Rensselaer* v. *Aiken*, 44 N. Y. 126; *Cottage Church* v. *Kendall*, 121 Mass. 528; *Pratt* v. *Elgin Baptist Society*, 93 Ill. 475; *Black* v. *First M. E. Church*, 96 id. 177; *Helfenstein's Estate*, 77 Penn. St. ·328.) The motion for a new trial made at the Trial Term ·was improper, no verdict having been rendered. (*Van Doren* v. *Horton*, 19 Hun, 7; *Hill* v. *Hotchkin*, 23 id. 414; ·*Seely* v. *N. Y. C. R. R. Co.*, 25 id. 280; *Healy* v. *Twenty- third St. R. R. Co.*, 11 Daly, 281; *Dusenbury* v. *Dusenbury*, 1 Civ. Pro. 292.) A motion for a new trial on the minutes ·cannot be made generally, but the grounds must be specified. (*De Luce* v. *Kelly*, 5 Week. Dig. 32; 75 N. Y. 608; *Gray* v. *N. Y. F. E. Co.*, 13 Week. Dig. 140; 88 N. Y. 645; *Hinman* v. *Stillman*, 34 Hun, 178; *McAleer* v. *Corning*, 17 J. & S. 522.)

Finch, J. It is an insuperable barrier to a recovery by the plaintiff that the subscription of Mrs. Weeks to the fund ·for the erection of a new church building was merely an ·executory gift, unsupported by any consideration. The ·doctrine settled in the recent case of *Presbyterian Church* v. *Cooper* (112 N. Y. 517) is decisive upon the facts here presented. Since the subscriptions of several furnished no ·consideration for the promise of any one; since the dece-

dent did not request the corporation to build a new edifice, and the church did not promise that it would; since no endeavor to obtain subscribers was occasioned by the expressed wish or direction of testatrix, but began and was continued irrespective of it; since these facts exclude the existence of a consideration at the date of the promise; the plaintiff is compelled to rely and does rely upon one originating later. The contention is, that the church corporation erected its new edifice and incurred the large cost of its construction in reliance upon these subscriptions, and so in the end, if not in the beginning, a consideration arose to support the promise. That may happen where the expenditure can be said to have proceeded with the knowledge and assent of the subscribers; but here, before any expenditure was made, or any work was begun, Mrs. Weeks died. Her gift was unexecuted at her death and revoked by that event; and no after action of the church corporation could change or affect the result. Her executors could not create a new liability where none existed before, and had no authority to bind the estate by any assent to the work of construction, or convert an invalid promise of the testatrix into an enforceable liability of her estate. The promise died when she died, and was merely a good intention which did not survive her.

This view of the case makes it needless to discuss the other questions with which the argument was largely occupied.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.