WALTER MYERS, Respondent, *v.* ROBERT J. DEAN, Appellant.

In an action to recover for services, alleged to have been performed by plaintiff, as broker in procuring for defendant, at his request, a lease of property belonging to the city of New York, the power to lease which was in the board of commissioners of the sinking fund, the lease to be for the highest rental bid at public auction or by sealed bids after public advertisement (§ 170, chap. 410, Laws of 1882), plaintiff's evidence was to this effect: notices were posted upon the premises that they were to be rented and reference was made therein to the comptroller for information, his purpose being in accordance with custom to procure a satisfactory offer before advertising. Plaintiff having obtained from the comptroller a proposed rental and a diagram, told defendant that he had the property to rent; they went together to see the comptroller and defendant made an offer which was accepted by that officer; defendant signed a memorandum which contained a provision that he "should pay all brokerage." Plaintiff was not employed or invited by the comptroller to procure offers. The amount of plaintiff's commission was stated by him; this defendant agreed to pay if he obtained the lease at his bid which he did. *Held*, that the evidence justified a finding of a consideration sufficient to support defendant's promise; and so, that a motion for a nonsuit was properly denied.

Defendant's evidence was to the effect that plaintiff was not employed by and performed no services for him, and that his agency was in no sense a procuring cause in obtaining the lease. The court charged that if defendant stated to plaintiff before the lease was obtained that if he obtained the lease on his offer he would pay the commissions, plaintiff was entitled to recover. *Held*, error; as without some employment of or the performance of some service by plaintiff, there was no consideration for defendant's promise; and that the question of employment or service was for the jury.

(Argued January 28, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made June 2, 1890, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. E. Warren* for appellant. The plaintiff is not entitled to recover upon the instrument signed by the defendant at the comptroller's office on November 2, 1888. (*Presbyterian Church* v. *Cooper*, 112 N. Y. 517; *T. T. S. B. Church* v. *Cornell*, 117 id. 601; *Sweetman* v. *Prince*, 62 Barb. 256; *Clark* v. *Richards*, 3 E. D. Smith, 89; *Rogers* v. *Murray*, 3 Bosw. 357; *Wilkie* v. *Roosevelt*, 3 Johns. Cas. 210; *Bunten* v. *Ins. Co.*, 4 Bosw. 254.) The plaintiff did not render any services to the defendant at his request or from which an agreement on his part to pay brokerage could be implied. (*Bartholemew* v. *Jackson*, 20 Johns. 28; *Livingston* v. *Ackeston*, 5 Cow. 531; *Griffin* v. *Potter*, 14 Wend. 209; *Maltby* v. *Harwood*, 12 Barb. 473; *Williams* v. *Hutchinson*, 3 N. Y. 312; *McCarthy* v. *Mayor*, 96 id. 1; *Warren* v. *R. R. P. Co.*, 31 N. Y. S. R. 628; *Ehle* v. *Judson*, 24 Wend. 97; *Crasto* v. *White*, 52 Hun, 473.) There was no consideration for any express promise made by defendant to plaintiff. (*Smith* v. *Ware*, 13 Johns. 257; *Ehle* v. *Judson*, 24 Wend. 97; *Geer* v. *Archer*, 2 Barb. 420; *Chilcot* v. *Trimble*, 13 id. 508; *Ainsley* v. *Meade*, 3 Lans. 126; 1 Pars. on Cont. 432; *Goulding* v. *Davidson*, 26 N. Y. 604; *Evans* v. *Williams*, 60 Barb. 346; *Wheeler* v. *Billings*, 38 id. 263; *Oscanyon* v. *Arms Co.*, 103 U. S. 261; *Carey* v. *W. U. T. Co.*, 20 Abb. [N. C.] 333.) If any promise was made by defendant, plaintiff's testimony shows that it was obtained through such misrepresentation and deceit that no action can be maintained upon it. (*Murray* v. *Beard*, 102 N. Y. 505.)

*P. Q. Eckerson* for respondent. If plaintiff rendered service to the lessee by introducing the defendant to the comp-

troller, which the comptroller testifies was the fact, then plaintiff rendered all the services he was called upon to entitle him to brokerage. (*Smith* v. *McGovern*, 65 N. Y. 575; *Wyckoff* v. *Bliss*, 12 Daly, 324; *Sussdorf* v. *Schmidt*, 55 N. Y. 319.) The questions in this case were for the determination of the jury, and their verdict having been approved by the trial judge and General Term, the Court of Appeals will not interfere therewith. (*Kennedy* v. *City of Cohoes*, 100 N. Y. 623.) Even though the contract was void and illegal, which we deny, the defendant could not raise such a question upon this trial, as he had not set up such a defense in his answer. (*O'Toole* v. *Garvin*, 1 Hun, 92; *Milbank* v. *Jones*, 127 N. Y. 370; Code Civ. Pro. § 500; *May* v. *Burns*, 13 Abb. [N. C.] 384; *Hall* v. *U. S. R. Co.*, 30 Hun, 375.)

BRADLEY, J. The action was brought to recover for services alleged to have been performed by the plaintiff as broker for and at the request of the defendant in procuring for him a lease of certain premises in the city of New York, owned by the city. The lease was made of date January 11, 1389, for the term of ten years, at the annual rent of thirty-one thousand dollars, except that the rent for the portion of the term preceding the first of May of that year was at the rate of $20,000 per annum. The plaintiff claimed and recovered as commissions one per cent of the gross rental sum for the entire term, which recovery, with interest included in it, was $3,216.49. The testimony given by the parties was in conflict, and the trial court charged the jury that if they believed the defendant's version of the affair the latter was entitled to a verdict.

It is not claimed that the plaintiff procured the execution of the lease to the defendant. He could not do that because that was dependent upon the plaintiff being the highest bidder at the auction sale of the term. The power to lease the property was in the board of commissioners of the sinking fund for the highest rental at public auction or by sealed bids after public advertisement, etc. (L. 1882, ch. 410, § 170.) Notices were posted on the premises that they were to be rented and in the

notices reference was made to the city comptroller for informa-
tion on the subject. His purpose in this instance, in accordance
with his customary method, was to obtain a satisfactory offer,
termed an upset bid, before advertising the term for sale. The
plaintiff learning that the premises were to be rented, called
upon the comptroller, obtained from him a proposed rental and
a diagram of the property, and after having called attention of
some others to it and obtained offers from them which were
not satisfactory to the comptroller, he called upon the defend-
ant, and the plaintiff's evidence was that he told the defendant
he had the property to rent, that he could offer it for $35,000
per year, and showed him the diagram, that the defendant said
he would go and see the comptroller, and did so, and that after-
wards, when called upon by the plaintiff, said he had seen him,
and arranged with the plaintiff to go with him the next day
and see that officer, that they then went there and the comp-
troller consented to accept the defendant's offer to bid an annual
rental of $31,000, and caused a memorandum in the form of a
communication to him subscribed by the plaintiff to the effect
that he made such offer, except as to the period preceding
the first of May following, for which the rate per annum was
$20,000, and that he would perform in the event he should
become the purchaser pursuant to such offer, and for the secur-
ity of which he deposited a sum of money. In that memo-
randum was inserted a provision that the defendant "should
pay all brokerage." The lease of the premises was thereupon
advertised and afterwards sold at public auction to the defend-
ant upon his offer, as no higher bid was made, and the lease
was executed accordingly.

It is upon the alleged fact that the lease was procured by the
defendant through the services performed for him and in that
behalf by the plaintiff, that the latter claimed he was entitled
to recover the commission. For the support of that claim the
employment of the plaintiff was essential. And he testified
that at his interview with the defendant after the latter had
seen the comptroller on the subject, and before they were
together at his office, he told the defendant that the person

who should take the lease would have to pay the brokerage, as the city never paid any, that he also informed him that the brokerage was one per cent on gross amount and the defendant said if he got it at his bid he would pay the brokerage; that afterwards, when they were at the comptroller's office at the time the offer of $31,000 was made and accepted as a bid, the defendant there said he would pay the plaintiff the brokerage, and the latter said it would be one per cent, and requested the comptroller to put it in the memorandum of the offer subscribed by the defendant, and that the provision on the subject before mentioned was inserted in it, and that afterwards when called upon by the plaintiff on the subject of his claim, the defendant told him to make out his bill and he would send him the amount of the claim as soon as he got the lease.   He afterwards refused to pay it.   This is substantially the evidence upon which the plaintiff relied to support his alleged cause of action. The defendant took exception to the denial of his motion to dismiss the complaint on the grounds that the negotiation with comptroller was necessarily ineffectual to produce any lease or any contract for it, as it could be procured only through a purchase made at public auction by the highest bidder; and that it did not appear that any services of the plaintiff were the procuring cause of the lease to the plaintiff.   It is, therefore, urged that there was no consideration to support the promise which the evidence of the plaintiff tended to prove the defendant made to pay him commission or brokerage.   The plaintiff was advised that the city would pay none; and it appears by the evidence of the comptroller that the plaintiff was neither employed nor invited by him to produce offers, but, as he expressed it, the plaintiff invited himself, that he distinctly told him " that the city never dealt with brokers; that we had nothing to do with brokers;   *   *   *   that it would have to be sold at auction," but that he would nevertheless consider any offers he should present.   There was then no claim founded upon any employment in behalf of the city.   And in respect to the provision on the subject in the memorandum, the comptroller testified that he wanted it thoroughly understood that

the city had nothing to do with the brokerage or with brokers, and that if there was any broker's fee it must come from the other parties to the transaction; and, therefore, he made the insertion in the manner he did in the memorandum so there would be no misunderstanding about it. The plaintiff's claim must rest solely upon his employment by the defendant or upon the performance of services for him at his request. When the plaintiff, as he testified, first appeared to the defendant, he assumed to have the premises to rent or negotiate for a demise of them to a lessee whom he should procure to take them. His relation so assumed was apparently that of representative of the owner seeking a lessee in its behalf, and no employment of him by the defendant could be deemed to have resulted from such first interview between them. Intermediate that and the second time when the plaintiff says he called upon the defendant, the latter had seen the comptroller on the subject. Then followed the interview between the parties in which the subject of brokerage was first mentioned. Then, as represented by the plaintiff's evidence, he informed the defendant that the city paid no commissions, suggested that his were one per cent, and that the defendant promised to pay; and that the rate and such promise were repeated the next day at the comptroller's office.

The facts, as represented by the evidence of the plaintiff, must, in the consideration of such motion, be deemed established. And the question arising in that respect is whether they were sufficient to warrant the recovery. While it is true that the comptroller had no power to lease the property, he was a member of the commissioners of the sinking fund, and as such received offers preliminary to advertising the public auction, so as to have assurance of a bid of a sum for which the commissioners would be willing to lease the property if they failed to get any higher offer at the sale. This it seems was a precautionary method of proceeding to avoid the futility which might otherwise result from advertising for and attempting to sell at public auction. It may be assumed that the comptroller in such cases seeks to get as high an offer for the

upset bid as he can to submit to the commissioners, and that the acceptance of it as to the amount for such purpose is or may be the result of negotiation, and that the person whose offer is accepted has the opportunity to obtain the lease, subject only to the contingency of a bid of higher price than he has proposed to give. In that view there may be some value or benefit to him in judicious negotiation in his behalf in the outset. Although it may be difficult to see in the evidence that the plaintiff did very much by way of accomplishing the result that was reached in the negotiation with the comptroller, the conclusion was permitted that he did bring the defendant and that officer together, and that while the negotiation was pending the defendant treated the plaintiff as in his service and promised to pay him the amount claimed by way of brokerage or commissions in the event the transaction resulted in a lease to him of the property. In that view the defendant's promise was not without consideration for its support. And it follows that the motion to dismiss was properly denied.

Upon the request of the plaintiff's counsel the court charged the jury that if they believed that " Mr. Dean stated to Mr. Myers before the lease was obtained, that if he obtained the lease on his offer he would pay the commission," the plaintiff was entitled to recover. And the defendant excepted. On the assumption that the plaintiff was employed by the defendant or performed any services in the matter for him at his request, the proposition so charged was properly submitted to the jury. But without such employment or the performance by the plaintiff of some service at the request express or implied of the defendant, such promise of the latter would have no consideration for its support, and no liability to pay would be created by it. (*Ehle* v. *Judson*, 24 Wendell, 97.) Whether any services were performed by the plaintiff for the defendant pursuant to employment by the latter or at his request, was a question of fact for the jury upon conflicting evidence, and could not be assumed as matter of law. If the jury adopted as true in that respect the evidence of the defendant they may have found that the plaintiff was neither employed

by him nor performed any service or did anything in the matter at his request. It is true that a promise before the lease was obtained to pay him may have been some evidence that any services thereafter performed were pursuant to request or understanding that he should be remunerated by such payment. But the evidence of the defendant was to the effect that the plaintiff performed no services for him at any time in reference to the lease, that the defendant was not by any act of the plaintiff brought into communication with the comptroller on the subject, but that prior to any interview of the plaintiff with the defendant the latter had been in negotiation with that officer, and had made an engagement to meet him the next day at the time he did go to his office, where the plaintiff also appeared without any solicitation of the defendant. The conclusion upon this evidence was permitted that the plaintiff was not only not employed by the defendant, but that his agency was not in any sense a procuring cause of the negotiation for the lease or in obtaining it by the defendant, and if so found by the jury the consequence may have been that the promise to pay was without consideration and ineffectual to charge the defendant. (*McClure* v. *Paine*, 49 N. Y. 561; *Sussdorf* v. *Schmidt*, 55 id. 319; *Sibbard* v. *Bethlehem Iron Co.*, 83 id. 378.) If, however, the proposition in question may be treated as qualified or broadened in its import by other portions of the charge, reference may be made to them in its support. (*Hickebottom* v. *D., L. & W. R. R. Co.*, 122 N. Y. 91.) But it is not seen that the essential elements omitted in such proposition were necessarily supplied by any instructions to the jury in any part of the charge as made, and for that reason the exception was well taken.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except Haight, J., not sitting.

Judgment reversed.