(9 Misc. Rep. 183.)

MYERS v. DEAN.

(Common Pleas of New York City and County, General Term. June 27, 1894.)

BROKERS—COMMISSIONS—WHEN EARNED.
    A commission for obtaining a lease is not earned unless the broker be the procuring cause of the lease.

(Syllabus by the Court.)

Appeal from trial term.

Action by Walter Myers against Robert J. Dean for services in procuring a lease to defendant. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Boothby & Warren, for appellant.

P. Q. Eckerson, for respondent.

PRYOR, J. The complaint is equivocal, and might authorize a recovery for the value of plaintiff's services in helping to procure the lease, or brokerage, eo nomine, for procuring the lease. If the action proceeds upon the former alternative, it is impossible that the judgment shall stand, because unsupported by any evidence of the value of plaintiff's services. The proof was only of the customary commission for actually procuring such a lease. Was the plaintiff, then, the procuring cause of the lease? In the nature of the case, the lease could not have been the effect of his agency. For, being municipal property, the law required it to be let, as it was let, to the highest bidder at public auction. Supposing, as we are bound to assume, that the auction was fairly conducted by the representatives of the city, the acquisition of the lease by the

defendant was due to the excess of his bid over the offers of competitors. It appears, however, that, by the method of procedure in the comptroller's office, proposals for the property were previously received; that then it was put to auction, with the highest offer as the upset price; that defendant's was the highest offer; and that, the upset price being the only bid, the property was knocked down to the defendant. Under this arrangement, how was it possible for the plaintiff to be the procuring cause of the lease? The highest bid was the only conceivable cause of the lease to the defendant. In the negotiation for a proposal from the defendant, the comptroller reduced the provisional price of the lease from $35,000 to $31,000, and this sum the defendant agreed to bid at the auction. But, in the reduction of the price offered to the defendant, it does not appear that the plaintiff had any—the slightest—agency. It might have been suspected that, at the private interview with the comptroller on the previous evening, the plaintiff had possibly persuaded him to lower his figure, but this inference the plaintiff repels by the emphatic testimony that the only object and result of that interview was to ascertain whether the defendant was playing him false. During the treaty of the next day, when the comptroller fell from $35,000 to $31,000, the plaintiff, by his own account, was a silent and passive spectator of the bargain between the comptroller and the defendant. The reduction was due only to the diplomacy of the defendant; unless, indeed, the mere presence of the plaintiff was of favorable influence with the comptroller, an inference which the high character of that official of itself suffices to intercept. If, however, it was the personal influence of the plaintiff with the comptroller that caused an accommodating offer of public property to the defendant, that was a service for which no court would suffer the plaintiff to recover a recompense. Lyon v. Mitchell, 36 N. Y. 235, 241; Oscanyan v. Arms Co., 103 U. S. 261; Mills v. Mills, 40 N. Y. 543. The reduction of the offer to the defendant being in no manner or degree the effect of plaintiff's agency, how else could he be a procuring cause of the lease to the defendant? Obviously, in one way only; and that by preventing competing bidders from attendance at the sale, and so securing the lease at the defendant's offer. This result he swears he accomplished, in collusion with the defendant; and accomplished it, too, by the false statement to intending lessees that the property was already rented. For this service, neither, will the law allow a recovery by the plaintiff. People v. Stephens, 71 N. Y. 527, 545; Atchieson v. Mallon, 43 N. Y. 147; Brisbane v. Adams, 3 N. Y. 129, 130.

Upon the uncontroverted proof, the indispensable condition of plaintiff's recovery was not performed. He was not the procuring cause of the lease to defendant. He did not direct the defendant's attention to the property. He did not put the defendant in communication with the comptroller. He did not induce the reduction in the upset price. He did not negotiate the bargain. He did not bid in the property for the defendant. Again we ask, how, when, or where did the plaintiff render meritorious service in procuring the lease for the defendant? If, upon the evidence before us, the

plaintiff may found a claim for commissions, a speaking acquaintance with a broker is a hazardous connection. The complaint should have been dismissed, in conformity with defendant's motion. Judgment and order reversed, and new trial awarded; costs to abide the event.