(10 Misc. Rep. 402.)

### MYERS v. DEAN.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

BROKERS—COMMISSIONS—WHEN EARNED.

> A broker is entitled to commissions for procuring a lease if he brought the parties together under circumstances resulting in its execution, though he was not the first to suggest to the lessee that the lease could be procured. Reargument of 29 N. Y. Supp. 578, granted.

Motion for reargument. Granted.

For decision on appeal, see 29 N. Y. Supp. 578.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

P. Q. Eckerson, for the motion.

Boothby & Warren, opposed.

PRYOR, J. This motion for a reargument might be denied on the ground that, as appears in the moving papers, the decision of the court of appeals claimed to be inconsistent with our determination was called to our attention. Rule 16. Of scarcely greater moment is it to do justice than, if possible, to satisfy suitors that justice has been done. Lord Kenyon "held it to be the great duty of every court to administer justice as well as they could between litigating parties. Another, and not less material duty, was to satisfy those parties that the whole case has been examined and considered." 1 Townsend's Lives of Twelve Eminent Judges, 99, 100. Counsel for the respond-

ent thinks we overlooked the opinion of the court of appeals in the case upon a former appeal. He is mistaken. The opinion was carefully considered; but we concluded, as contended by the defendant, that the evidence as to the agency of the plaintiff in bringing the defendant and the comptroller together (132 N. Y. 71, 30 N. E. 259) was less on the latter than on the former trial; and so counsel insists, in opposition to the present motion. We find, on the contrary, after scrutiny of the two records, that the evidence upon the point is identical in both. Myers testified on the first trial, as on the second, that the defendant said, sua sponte, "I will come up and see the comptroller." So, also, that he "introduced Mr. Dean to the comptroller." Indeed, the plaintiff now testifies, for the first time, that defendant told the comptroller that the plaintiff sent him, and handed the comptroller plaintiff's card. In opposition to the motion, attention is directed to the testimony of Wills, not introduced on the former trial, and to the admission of plaintiff for the first time, on the second trial, to the point that the plaintiff did not first suggest to the defendant the leasing of the property. But the court of appeals say that the bringing the defendant and the comptroller together, in connection with other facts not now in controversy, was a sufficient service to entitle to the commission. Our own opinion of the merit of the case is unaltered; but, while conviction is the effect of argument, submission is the duty of the inferior tribunal. The higher court may reconsider its determination, but unreversed it is obligatory on us. Motion granted. No costs. All concur.