(11 Misc. Rep. 368.)

## MYERS v. DEAN.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

CONTRACTS—CONSIDERATION.

A promise to pay for past services, rendered without a request, is void for want of consideration.

On reargument. For decision on appeal, see 29 N. Y. Supp. 578. For order granting reargument, see 31 N. Y. Supp. 119.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

L. E. Warren, for appellant.

P. Q. Eckerson, for respondent.

BOOKSTAVER, J. On the first argument of this appeal we concluded that on the whole evidence the complaint should have been dismissed, and in the opinion then delivered pointed out that the complaint was equivocal, and might authorize a recovery for the value of plaintiff's services in helping to procure the lease, or brokerage eo nomine for doing so; and that, if the action proceeded upon the ground of services, it was impossible the judgment rendered should stand, because unsupported by evidence of the plaintiff's services as distinguished from the brokerage allowed upon procuring the lease. We also showed that from the nature of the case the lease could not have been procured by the plaintiff's efforts. Myers v. Dean, 9 Misc. Rep. 183, 29 N. Y. Supp. 578. But upon the motion for a reargument this court carefully scrutinized the record as it went to the court of appeals, and compared it with the present record, and found that there was but little difference in the evidence contained in each; and as the court of appeals had decided upon the first record that, although it was difficult to see in the evidence that plaintiff did very much by way of accomplishing the result that was reached in the negotiation with the comptroller, yet the conclusion was permitted from such evidence that he did bring the defendant and that officer together, and that while the negotiation was pending the defendant treated the plaintiff as in his service, and promised to pay him the amount claimed by way of brokerage or commissions in the event the transaction resulted in a lease of the property to him, and that, therefore, it was proper to submit that question to the jury (30 N. E. 259); and, after a careful reargument of the whole case, we feel bound to follow the determination of the court of last resort in that respect. The earnestness with which the main question was debated upon the former argument probably led the judges then composing the general term to overlook an exception taken to the refusal of the court to charge one of the defendant's requests, which was as follows:

"If you find defendant agreed to pay plaintiff brokerage, and that that promise was made November 2, 1888, and after all the services plaintiff rendered had been performed, and that no service was rendered subsequent to that date which tended towards defendant's procuring the lease, the plaintiff is not entitled to recover."

This request was founded upon evidence in the case, and we think should have been granted. It called the jury's attention specifically to the time when, according to defendant's testimony, the promise to pay brokerage had been made by him, if ever. It is true that plaintiff had testified differently, but the jury as to this portion of the testimony might have believed the defendant, and not the plaintiff, and, if they did not believe the defendant's testimony, then the promise was made without consideration. It is well settled that, where services are rendered by a volunteer without a request, an action cannot be maintained to recover their value. Bartholomew v. Jackson, 20 Johns. 28; Livingston v. Ackeston, 5 Cow. 531; Williams v. Hutchinson, 3 N. Y. 312; McCarthy v. Mayor, 96 N. Y. 1. An express promise to pay for past services, rendered without a request, is void for want of consideration. The defendant was under no obligation to make the promise or to pay for services theretofore rendered. It was wholly voluntary, and cannot be made the basis of an action. Presbyterian Church v. Cooper, 112 N. Y. 517, 20 N. E. 352; Baptist Church v. Cornell, 117 N. Y. 601, 23 N. E. 177; Eastwood v. Kenyon, 11 Adol. & E. 438. A primary benefit voluntarily conferred by plaintiff, and adopted by defendant, is not such a consideration as will sustain an action on a subsequent express promise. Smith v. Ware, 13 Johns. 257; Ehle v. Judson, 24 Wend. 97; Geer v. Archer, 2 Barb. 420; Chilcott v. Trimble, 13 Barb. 508; Ainsley v. Mead, 3 Lans. 126. The court's refusal to charge the jury as requested withdrew from their attention the law applicable to the facts established by defendant's evidence, and was such error as cannot be deemed harmless. Nor is plaintiff's contention that it had been substantially charged by the court tenable. The charge upon that point was general, and the jury could have inferred from it that a promise made subsequent to the negotiations, but before the final completion of the transaction, would have been sufficient.

But the plaintiff claims that the recovery was for services rendered, and not for brokerage eo nomine, and that, therefore, the request was infirm, in that the word "brokerage" was used in it instead of "compensation." This criticism is not sound, for it is clear that the word "brokerage" in this request was used in its common and ordinary acceptation, as defined by the Imperial Dictionary, the Encyclopaedic Dictionary, Webster, and others as the equivalent of compensation for services rendered, and not in the strict legal definition of the term. A reading of the case shows that all the parties to the action and their counsel had used it in this sense throughout the trial; and the learned judge himself used it in this sense in his charge, for he said, "And promised to pay him the amount claimed by way of brokerage or commission, in the event," etc. As before stated, in the opinion delivered on the first argument of this appeal, we held that there could be no recovery for brokerage eo nomine for procuring the lease, and to this decision we adhere. Therefore the verdict of the jury must have been for the supposed value of the plaintiff's services. The only testimony on that subject was by the plaintiff himself, and he testified it was

to be 1 per cent. upon the gross amount of the lease. This is full compensation for procuring a lease, which it is acknowledged the plaintiff did not do in this case, and the jury evidently did not accept the statement in its entirety, for the verdict, as we figure it out, is only about three-quarters of 1 per cent. upon the gross amount. It is clear, therefore, that the jury must have been in some way misled as to the value of such services, as the amount of the verdict ($2,973.56) appears to us to be grossly in excess of the value of any services testified to by the plaintiff. The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.