(54 App. Div. 77.)

## BELLESHEIM v. PALM.

(Supreme Court, Appellate Division, Second Department.   October 5, 1900.)

REAL-ESTATE BROKERS—PROCURING PURCHASER—EVIDENCE—SUFFICIENCY.

In an action for commissions on the sale of real estate, it appeared that a written contract of sale at defendant's price was executed by defendant and the purchaser, through his attorney.   Plaintiff testified that after his employment he called at his attorney's office, and told him about the property; that thereafter he saw the purchaser's attorney; that he then called on defendant, told him the contract was ready for execution, and to sign it, which he did.   A witness for plaintiff testified that he saw defendant in relation to the property, having received from plaintiff's attorney the information that the property was for sale; that he went, with defendant's attorney, to look at the property, and then went with him to the office of plaintiff's attorney, where the contract was signed; that he brought the purchaser to such office, and submitted the property to him and his attorney.   There was no direct proof that witness was acting through plaintiff.   *Held*, that the evidence failed to show that plaintiff procured the purchaser, though defendant, at the execution of the contract of sale, promised to pay plaintiff's commission; since the promise must be assumed to have been made in the belief at the time that defendant procured the purchaser.

Appeal from city court of Mt. Vernon.

Action by Frederick Bellesheim against Henry Palm to recover commission for the sale of real estate.   From a judgment in favor of plaintiff and an order denying a new trial, defendant appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

William J. Marshall, for appellant.

David Swits, for respondent.

HIRSCHBERG, J.   The evidence is calculated to create the impression that the plaintiff has a good claim against the defendant; but this is not sufficient.   The law requires proof.   The action is brought to recover the sum of $500 as broker's commissions on the sale of real estate belonging to the defendant.   The defendant admitted on the trial that he agreed to pay the plaintiff the commission if he should secure a sale of the property, and the evidence shows that shortly thereafter the defendant and one Katherine Kohler, through her attorney, N. L. Tuck, executed a written contract for the sale of the property at the defendant's price.   The plaintiff's connection with the transaction, according to his testimony, is confined to the fact that, after the agreement had been made for his commission, he called at the office of his attorney, Mr. Swits, and told him about the property; that a week thereafter he saw Mr. Tuck at Mr. Swits' office, then called on the defendant, told him the contract was ready for execution, and to come to Mr. Swits' office, and sign it, which he did. There is no claim or assertion in the plaintiff's evidence that he was instrumental in procuring the customer, other than may be imagined between the lines of this meager statement.   On the other hand, the plaintiff produced another witness,—Henry G. MacBeth,—who testified that he saw the defendant in relation to the purchase of the prop-

erty in question, having received from Mr. Swits the information that the property was for sale; that he went with Mr. Tuck to look at the property, and then went with him to Mr. Swits' office, where the contract was signed. He further testified that he brought the purchaser, Katherine Kohler, to Mr. Swits, and that he submitted the property to her and to her attorney, Mr. Tuck. In addition to the evidence stated, the case contains this admission: "It is admitted by plaintiff that the witness MacBeth obtained Miss Kohler to buy the property in question at the request of the plaintiff." This important fact is not admitted by the defendant, nor is it testified to by either the plaintiff or MacBeth. As an admission it is of no more value than would be an admission by the plaintiff that the defendant owed him the money for which he sues. MacBeth was asked on cross-examination whether he claims a commission on the sale of the property, but the evidence was excluded. He did, indeed, afterwards testify that he had never asked, or made any claim, for a commission, excepting that one day on the street he asked the defendant's attorney about paying his commission on the sale of the property through the plaintiff, from which statement some inference, perhaps, may be deduced in support of the theory that he did what he did at the request and for the benefit of the plaintiff. But of direct proof on that subject the case is bare. The rule governing the plaintiff's claim is stated by Judge Earl in Wylie v. Bank, 61 N. Y. 415, at page 416:

"Before the broker can be said to have earned his commissions, he must produce a purchaser who is ready and willing to enter into contract upon his employer's terms. Tombs v. Alexander, 101 Mass. 255; Barnard v. Monnot, *42 N. Y. 203. The broker must be the efficient agent or the procuring cause of the sale. The means employed by him, and his efforts, must result in the sale. He must find the purchaser, and the sale must proceed from his efforts acting as broker. McClave v. Paine, 49 N. Y. 561; Lloyd v. Matthews, 51 N. Y. 124; Lyon v. Mitchell, 36 N. Y. 235; Briggs v. Rowe, *43 N. Y. 424; Murray v. Currie, 7 Car. & P. 584; Wilkinson v. Martin, 8 Car. & P. 5. It is not indispensable that the purchaser should be introduced to the owner by the broker, nor that the broker should be personally acquainted with the purchaser. But in such cases it must affirmatively appear that the purchaser was induced to apply to the owner through the means employed by the broker."

I do not overlook the fact that the plaintiff testified that the defendant, on the day the contract for the sale of the real estate was signed, promised to pay the plaintiff's commission. This evidence might be quite sufficient to support the judgment but for the proof furnished by the plaintiff through the witness MacBeth, and but for the plaintiff's failure to establish by his own evidence that he in any manner aided in effecting the sale. The promise must be assumed to have been made in the belief by the defendant at that time that the plaintiff had procured the purchaser. Notwithstanding his promise then made, the defendant is entitled on the trial to deny that the plaintiff did procure the purchaser, and to have his right to payment established by competent proof; and, where the plaintiff has made it clearly appear that the sale has in fact been effected by another, the promise cannot be relied on to overcome such evidence, and to control the result. The case must therefore be tried again.

Judgment and order of the city court of Mt. Vernon reversed, and new trial granted; costs to abide the event. All concur.