## DAVID v. RICK.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

PRINCIPAL AND AGENT—SERVICES RENDERED—PROMISE OF PAYMENT—ACTION —EVIDENCE—SUFFICIENCY.

     Plaintiff sued for services rendered defendant on a purchase by defendant of standing timber. Plaintiff was in charge of the premises, and authorized by the owner to sell the timber. The complaint alleged that defendant and H. came to plaintiff's house to look at the wood, and plaintiff went and looked the wood over, and that while so doing H. told defendant that plaintiff wanted defendant to buy the wood, so that he could afford to pay plaintiff and H. $200 apiece, and that defendant said that if he could get it for $1,400 or less he would do so, and that plaintiff rendered such services as he was required to from time to time. Plaintiff failed to testify either as to the alleged contract or the services. H. testified to the conversation as to the request for $200 each, as alleged, but not that defendant promised to pay any amount, and further said that no conclusion was come to that day. He further testified that defendant later told him he intended to pay plaintiff and H. $100 each. *Held,* that a judgment for plaintiff was unsupported by the evidence, since there was no proof of a legitimate employment, or the rendition of any services that would justify recovery.

Appeal from Suffolk county court.

Action by Charles E. David against William J Rick. From a judgment of the county court affirming a judgment of a justice's court in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Livingston Smith, for appellant.
Elliott J. Smith, for respondent.

HIRSCHBERG, J. The complaint fails to disclose the existence of a cause of action, and the evidence is fragmentary, disconnected, incoherent, and unintelligible. But, disregarding technicalities, and aiming to reach the purpose of the action from the record and the statements in the briefs, it would seem that the plaintiff has recovered a judgment for $175 as a balance of a claim for $200 for alleged services rendered to the defendant on a purchase by the latter of certain standing timber. The plaintiff was in the employment of the owner of the premises as a caretaker, and was directed by the

manager of the place to find a purchaser. This the plaintiff testified he supposed was a part of his employment. There is no proof that he did find a purchaser, but there is proof that the defendant went with him and a Mr. Hallock to look at the timber, and that the defendant afterwards bought it for the sum of $1,000. The complaint is in these words:

"Plaintiff complains as follows: Think it was about the 27th day of October, 1899, Mr. Rick came over to the Arbuckle farm to look at a piece of wood. Mr. Hallock was with him, and Mr. Rick asked me to go along. He put his horse in our barn, and we all went afoot. We looked the wood pretty well over the whole of it, and went several different ways. Going through this wood, Mr. Hallock said to Mr. Rick, 'I wanted him to buy it, so he could afford to pay us each two hundred dollars.' Mr. Hallock and I, we went back to the house after we looked the wood over. When Mr. Rick was hitching up his horse, Mr. Rick said, 'If I can buy this wood for fourteen hundred dollars or less, you shall have two hundred dollars each,—you and Mr. Hallock.' Never heard Mr. Rick say what he paid for it. Mr. Rick has paid me twenty dollars and an acre of wood, valued at five dollars. On the 6th day of February, on Tuesday, he paid me twenty dollars by a check of A. E. Hallock's, in his office. I rendered such service as I agreed to from time to time."

The plaintiff was a witness on the trial, but did not testify to either the agreement or the services; the court apparently regarding the allegations of the complaint as having the force of evidence. Mr. Hallock did testify as to the conversation at the time they were examining the wood. He said: "We told Mr. Rick that we wanted a certain amount, that was four hundred dollars,—that was two hundred dollars each." He did not, however, testify that the defendant promised to pay that amount, or, indeed, any sum whatever, but, on the contrary, testified that "we did not come to any conclusion that day." He was asked: "Has the defendant ever told you what he intended to pay you or the plaintiff?" and answered: "He has. He said he would give me one hundred dollars, and David fifty dollars in cash and fifty in wood; that he had already paid him some in wood."

The judgment is without legal support. Even assuming that the complaint is not to be construed to mean that the plaintiff should render such services to the defendant as would enable the latter to buy the wood so cheaply that he could afford to pay the vendor's agent a bonus therefor, there is no proof of any legitimate employment, or the rendition of services of any kind, such as would be necessary in order to justify a recovery. The plaintiff has enforced a promise of which there is not only no proof, but which, if made, would be void for want of consideration. Myers v. Dean, 132 N. Y. 65, 30 N. E. 259.

The judgment must be reversed, with costs. All concur, except SEWELL, J., taking no part.