GHERKY v. STATE LINE TELEPHONE CO.

(Supreme Court, Appellate Division, Second Department. December 5, 1907.)

1. EVIDENCE—SELF-SERVING ACTS.

On an issue as to whether a contract for the building of a conduit system had been modified because of an alleged material mistake of fact as to the character of paving necessary to be taken up and relaid, plaintiff claiming that the original contract contemplated the removing and relaying of brick pavements laid in sand, and that the contract was modified because it was found that the pavement was grouted, which required different tools, evidence of plaintiff's superintendent that, when he went to do the work, he took with him only such tools as were available to remove a sand pavement, was inadmissible as self-serving.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1068–1074.]

2. APPEAL—EVIDENCE—ADMISSION—PREJUDICIAL ERROR.

Where a referee erroneously regarded inadmissible evidence as material, and must have given weight thereto in plaintiff's favor in determining the crucial fact in the case, the admission was reversible error under the rule that the reception of illegal evidence is presumptively injurious to the party objecting, except where the presumption is repelled, and it clearly appears beyond possibility of rational doubt that the result would have been the same if the evidence had been rejected.

Appeal from Special Term, Westchester County.

Action by William D. Gherky against the State Line Telephone Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Frank B. Vermilya, for appellant.
Nathan P. Bushnell, for respondent.

RICH, J. This is an appeal from a judgment entered upon the report of a referee. The action was brought to recover a balance alleged to be due on a contract for the building of a conduit system by plaintiff for defendant in the village of Peekskill. Included in the items which the plaintiff sought to recover was $696.94 for extra work in taking up and relaying a brick pavement. Defendant denied

any liability and alleged an offset of $808.45 for brick furnished plaintiff in relaying such pavement. As the conclusion we have reached rests upon these items and the evidence given in connection therewith, we do not regard it necessary to consider the other questions presented by the record. Upon the trial the parties stipulated regarding these items as follows: By the defendant:

"It is agreed on behalf of the defendant that if it be found by the referee that the contract of May 12, 1905, was entered into under a mutual mistake of fact concerning a material part of the work to be done, and that the said agreement of May 12, 1905, was superceded by a new agreement of June 2, 1905, whereby the defendant agreed to furnish and pay for the brick and the extra cost of laying it, then and in that event the plaintiff is entitled to recover the sum of $696.94, the reasonable value of taking up and relaying the brick pavement as shown by the following statement."

By the plaintiff:

"The plaintiff likewise admits that the defendant expended the sum of $808.45 in the purchase of paving brick, freight, and cartage thereon, which were used by plaintiff to repave the streets of the village of Peekskill; plaintiff not admitting liability therefor, but admitting that the said sum is a proper set-off against the claim of the plaintiff; if it be held by the referee that no mutual mistake of fact existed at the time the contract of May 12, 1905, was entered into concerning a material part of the work to be done, and if it be held that the original contract of May 12, 1905, was not superceded by a new agreement of June 2, 1905, whereby defendant agreed to furnish and pay for the brick and the extra cost of laying it."

The crucial question in the case therefore rested upon the issue of whether or not, when the contract of May 12, 1905, was entered into, there was a mutual mistake of fact concerning a material part of the work to be done, upon discovery of which the plaintiff notified the defendant that he elected to rescind the contract and was directed by the defendant to proceed with the work, and it would pay for the extra work and brick made necessary by the fact that the brick composing the pavement to be relaid was laid with grout between the interstices of the brick, instead of being laid in sand on a concrete base, with sand, instead of grout between the bricks. This question of fact was sharply contested, and the plaintiff called as a witness one James McHale, who went to Peekskill as plaintiff's superintendent of the work to be done under the contract, who, after testifying that a different kind of tools was necessary and required to take up a grouted brick pavement than were used in taking up one having sand joints, was asked the following question:

"Which character of tool did you bring with you when you come here around Memorial Day, 1905; the tools that were necessary to take up the sand brick pavement, or the tools necessary to take up the grouted pavement?"

This was objected to as incompetent, irrelevant, calling for the mental operation of the plaintiff or his agent, and as attempting to prove a self-serving act or declaration. The objection was overruled, the defendant excepted, and the witness answered:

"Just the ordinary pick and shovels. Q. For taking up which kind of pavement? A. For taking up the sand jointed pavement."

This evidence had no relevancy to the question in issue, unless it be assumed that the plaintiff had directed his foreman to take that

class of tools because of his understanding that the pavement to be taken up had no grout between the bricks. Regarded in this light it was clearly incompetent as a self-serving act or declaration of the plaintiff. 1 Enc. of Evidence, p. 273; Mowbray v. Gould, 83 App. Div. 255, 82 N. Y. Supp. 102; Griffin v. Train, 90 App. Div. 16, 21, 85 N. Y. Supp. 686; Healy v. Malcolm, 77 App. Div. 69, 78 N. Y. Supp. 1043; Grant v. Pratt & Lambert, 87 App. Div. 490, 84 N. Y. Supp. 983. It and its effect is the same as if the plaintiff had been permitted to testify that he told McHale to take the class of tools that he did take because the pavement to be taken up was a sand joint pavement and had no grout between the joints, and the plaintiff cannot be permitted to establish his cause of action by his own declarations made to a third party, not in the presence of defendant's officers.

This evidence was incompetent, and the judgment must be reversed, unless it clearly appears from the record that the result would have been the same if the evidence objected to had not been received. The rule governing the determination of this question is stated in many well-considered cases to be:

"The reception of illegal evidence is presumptively injurious to the party objecting to its admission; but where the presumption is repelled, and it clearly appears, on examination of the whole record, beyond the possibility of rational doubt, that the result would have been the same if the objectionable proof had been rejected, the error furnishes no ground for reversal." People v. Gonzales, 35 N. Y. 59, cited in McGean v. Manhattan Railway Co., 117 N. Y. 219–224, 22 N. E. 954; Havens v. Gilmour, 83 App. Div. 84, 82 N. Y. Supp. 511; Ward v. Hoag, 78 App. Div. 510–512, 79 N. Y. Supp. 706.

The presumption of injury is strengthened in the case at bar by the fact that the learned referee regarded the evidence as material, which naturally and logically leads to the conclusion that he gave weight to it in determining the crucial question of fact in plaintiff's favor, and we can only speculate upon what would have been the result if the incompetent evidence had been excluded. Under such circumstances, it is not within the province of this court to say that the defendant has had a fair trial upon the merits, or that its rights may not have been prejudiced, as we held in Ward v. Hoag, supra.

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., not voting.