## WALLESTON v. FAHNESTOCK.

(Supreme Court, Appellate Term.   May 7, 1909.)

1. BROKERS (§ 53*)—COMPENSATION—SUFFICIENCY OF SERVICE.

In an action to recover for services in effecting a sale of defendant's automobile, under a complaint alleging that plaintiff acted as a broker in effecting the sale, it was necessary for plaintiff to show that he was the procuring cause of the sale, that he found the purchaser, and that through his efforts the minds of the parties met and resulted in an agreement on the terms of sale; but it is not necessary for him to show that he introduced the purchaser to the owner, nor that he was acquainted with the purchaser.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 74;  Dec. Dig. § 53.*]

2. BROKERS (§ 8*)—AGENCY—EVIDENCE.

Evidence in an action for a broker's services *held* insufficient to show that he acted as broker for defendant in the sale.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 8.*]

3. BROKERS (§ 82*)—COMPENSATION—ACTIONS—PLEADING—VARIANCE.

In an action for services performed by plaintiff as a broker under a contract with defendant, recovery cannot be had on proof of a special promise to pay him a commission, which showed no employment of plaintiff.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 82.*]

4. EVIDENCE (§ 271*)—SELF-SERVING DECLARATIONS—LETTERS.

In an action for services as a broker, where there was no correspondence between plaintiff and defendant and no question of notice or demand, it is error to admit, at the instance of plaintiff, letters written by him to defendant after the services were rendered to show a demand for payment of his commissions, and containing evidence as to the agreement for services, which was denied by defendant, as they were in the nature of self-serving declarations.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1104; Dec. Dig. § 271.*]

Appeal from City Court of New York, Trial Term.

Action by Louis N. Walleston against Clarence Fahnestock.  Judgment for plaintiff, and defendant appeals.  Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Edward L. Tinker (Robert S. Johnstone and Arthur Ofner, of counsel), for appellant.

Alfred R. Osgoodby, for respondent.

GOFF, J.  Plaintiff alleged that defendant engaged him as his agent to effect the sale of an automobile, and agreed to pay him a commission of 5 per cent. on the amount realized; that he obtained a purchaser, who bought the automobile for $5,000; and that the sale was effected solely through his agency.  It appeared in evidence that the first knowledge plaintiff had of the defendant was when his friend Foy, a chauffeur, told him that he wanted to buy a car for his employer, and that the defendant had one for sale.  Foy examined the car, and ascertained from the defendant by telephonic conversation

its price, which was $5,700. Then he told plaintiff that he'liked the car and thought he would buy it, and asked him if he could save him any money on its purchase. Plaintiff replied that he could, and Foy told him to go ahead and see what he could do with the defendant. Plaintiff saw the defendant at his home, and told him that a customer of his was willing to buy the car, and the price he would pay was about $4,500. Defendant said he would not sell it for that, and that his lowest price was $5,700. Plaintiff said he did not believe that he could get his customer up to that, but he would try. As he started to leave defendant said:

"Well, if the car is sold to Mr. Anderson [Foy's employer], you will get your commission."

Plaintiff returned to Foy, and told him that the defendant refused his offer; but he thought he would take it, and advised him to see the defendant himself. Foy left to see the defendant, and several days afterward he told plaintiff that he had purchased the car for $5,000. That is the gist of .the testimony as to the relation of plaintiff to defendant in the sale and purchase of the car. Plaintiff did not bring Foy and the defendant together. He did not bring to Foy's attention that the car was for sale. He did not effect or induce the agreement for sale. What he did do was to act as agent for Foy in his endeavor to have the price reduced, and, when he failed, to leave the purchase negotiations to Foy himself. What is there here to prove either an express or implied contract of employment to procure a purchaser for this car? Plaintiff in his complaint claims that he acted as a broker in effecting the sale. To sustain that he must show that he was the procuring cause of the sale, that he found the purchaser, and that through his efforts the minds of the parties met and resulted in an agreement on the terms of sale. Donovan v. Weed, 182 N. Y. 43, 74 N. E. 563; Colwell v. Tompkins, 6 App. Div. 93, 39 N. Y. Supp. 478; Miller v. Vining, 112 App. Div. 304, 98 N. Y. Supp. 466. In Bellesheim v. Palm, 54 App. Div. 77, 66 N. Y. Supp. 273, the court said:

"The rule governing the plaintiff's claim is stated by Judge Earl in Wylie v. Marine Bank, 61 N. Y. 415: 'Before the broker can be said to have earned his commissions, he must produce a purchaser who is ready and willing to enter into a contract upon his employer's terms (citing authorities).' * * * It is not indispensable that the purchaser should be introduced to the owner by the broker, nor that the broker should be acquainted with the purchaser. But in such cases it must affirmatively appear that the purchaser was induced to apply to the owner through the means employed by the broker."

Applying these rules to plaintiff's case, it is clear that he rendered no service whatever to defendant, and that, if he rendered any service, it was to the purchaser. The cause of action utterly failed of proof. What remains for the jury? At the close of plaintiff's case counsel moved to dismiss the complaint, on the ground that facts sufficient to constitute the cause of action alleged in the complaint had not been proved.

"The Court: You are right about that. He did not bring the minds together. The only thing that will save it is that when he went to Dr. Fahnestock's place, and while their minds had not met, the seller's price

being $5,700 and $5,250, and the offer was $4,500, yet he says the doctor told him: 'If I sell the car to Anderson, I will pay you your commission.' If it was not for that, I would dismiss the complaint, because he was not the procuring cause; but on that I have to let it go to the jury, to say if they believe that was the arrangement."

The learned justice correctly measured the testimony, and recognized that plaintiff had failed to prove that he was the procuring cause of the sale; but he overlooked the point that the cause of action stated in the complaint was for commissions earned by plaintiff as a broker in effecting a sale of the car, and not on a special promise made by defendant, for certainly what the defendant said was a special promise. It was not an employment or engagement in any sense. The plaintiff had rendered no service whatever. The purchaser had been procured, not through the efforts of the plaintiff. At best, the promise might be taken as an admission that in the event of sale he was entitled to commissions; but that would necessarily depend upon an antecedent condition that he had been employed or had rendered service in-bringing the purchaser and seller together, which condition did not exist. The words "I will pay you your commission" mean "I will pay you that to which you are entitled as a broker." But he was not entitled to anything as a broker, therefore he was not entitled to commissions. How can one legally promise to pay a debt he does not owe? How can the defendant be held on his promise to pay commissions which had not been earned, and which the defendant could not be legally held responsible for? The most that can be claimed for this statement is that it was a promise to pay commissions that had not been earned.

Whether there was sufficient consideration to support the promise as a basis of action (Myers v. Dean, 11 Misc. Rep. 368, 32 N. Y. Supp. 237) is not necessary to determine. It is sufficient for this case to determine that the question held for submission to the jury was not the cause of action which plaintiff brought into court. The rule that plaintiff can only recover on the cause of action alleged in his complaint is too well settled to admit of question. Were such rule not strictly applied, a plaintiff might allege one cause of action in his complaint, and prove another on the trial, thereby misleading and precluding a defendant from having his day in court. In Truesdell v. Sarles, 104 N. Y. 164, 10 N. E. 139, the court said:

"The well-settled rule [is] that no judgment can be given in favor of a plaintiff on grounds not stated in his complaint, nor relief granted for matters not charged, although they may be apparent from some part of the pleadings or evidence."

Proper exceptions to the erroneous rulings of the learned trial justice on this point were taken when plaintiff closed, at the close of the case, and in the charge to the jury.

Of the other exceptions, but one will be considered. Over objection and exception there were admitted in evidence two letters written by plaintiff to defendant after the transaction was closed, on the theory of showing a demand for payment of his commissions. Already a bill which he sent was admitted in evidence and acknowledged to have been received and payment refused by defendant. No correspondence

had taken place between plaintiff and defendant, and no replies had been sent to those letters admitted. There was no question of notice or demand, nor anything to explain or communicate. If the plaintiff had a well-founded claim against the defendant, anything he might write could not strengthen it. If he did write anything of an approving character, it would be a self-serving declaration, and clearly inadmissible. And it happens that he did so write, for in the first letter were the words, "Please find enclosed bill for sale of car as per our agreement,". etc., and in the second letter was contained this paragraph:

"In regards to sale, I wish to state that I had spent a number of days in this party's company looking around, and at quite an expense. This outside of the use of an automobile like when we called upon you. * * * I had figured on this deal pulling off for some little time back."

When it is considered that some men in the jury box look upon anything in writing or print with an almost superstitious regard, and fail to differentiate what a man may write in his own interest from what he may write against, it may be safely concluded that the admission of such letters was pregnant with harm and prejudice to the defendant; and the law says that they were not evidence. Learned v. Tillotson, 97 N. Y. 1, 49 Am. Rep. 508, Gray v. Kaufman Dairy Co., 162 N. Y. 388, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327, and Gherky v. State Line Tel. Co., 122 App. Div. 879, 107 N. Y. Supp. 420, on the consequent injury.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.