(112 App. Div. 304)

### MILLER v. VINING.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

BROKERS—RIGHT TO COMMISSION—SALE MADE BY PRINCIPAL.

> To entitle a real estate broker to commissions, he must be the procuring cause of the sale, and, if his efforts fail, his employer is not precluded from thereafter negotiating with the purchaser produced by the broker, even on the same terms, without being obliged to pay the commissions.
>
> [Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, §§ 85–89.]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Charles E. Miller against Clarence Vining. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Moore, Ashley & Linton, for appellant.

MILLER, J. The plaintiff has recovered a judgment for broker's commissions on a sale of a house by the defendant to one Donohue. It is undisputed that the plaintiff was employed at the agreed compensation of $100; that he introduced the purchaser to the defendant; that different negotiations were had, resulting in a failure of the parties to agree; that thereafter, the negotiations being broken off, the plaintiff undertook to sell other properties of different people to the proposed purchaser; and that about a month afterwards, without the intervention of the plaintiff, the defendant and said purchaser came together on different terms, resulting in a sale.

It is elementary that to be entitled to commissions the broker must be the procuring cause of the sale, and, if his efforts fail, his employer

is not precluded from thereafter negotiating with the purchaser introduced by him, even on the same terms, without being obliged to pay commissions. The broker takes the risk of bringing the minds of the parties together so as to effect a bargain, and, if he fail, the mere fact that his efforts may have led to subsequent negotiations, which, under more favorable circumstances, have resulted in sale, does not alone entitle him to a commission. Wylie v. Marine National Bank, 61 N. Y. 415; Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441; Donovan v. Weed, 182 N. Y. 43, 74 N. E. 563,

We think that, upon the entire proof, the plaintiff has failed to bear the burden of proving that he was the procuring cause of the sale.

The judgment should therefore be reversed, and a new trial ordered; costs to abide the event. All concur.