(56 Misc. Rep. 484.)

### SCHANO v. STORCH.

(Supreme Court, Appellate Term. November 29, 1907.)

BROKERS—COMMISSIONS—WHEN EARNED.

> Where a broker's efforts to procure a purchaser fail because of the purchaser's refusal to purchase on the terms fixed by the broker, and the negotiations between them are broken, the fact that the owner subsequently negotiated with the purchaser, and effected a sale to him in consequence of modifying the terms thereof, does not entitle the broker to his commissions.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 66, 69.]

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Charles Schano against Samuel Storch. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Henry Levy, for appellant.
Willoughby B. Dobbs, for respondent.

PER CURIAM. This was an action for commissions on the sale of real estate. The preponderance of proof shows that plaintiff never brought the defendant and the purchaser together. The proposed purchaser refused to buy on the terms named by plaintiff, the negotiations between them were broken off, the plaintiff did nothing further, and the transaction, so far as he was concerned, came to an end. In other words, his efforts ended in failure. Subsequently the defendant

negotiated with the proposed purchaser, the terms of sale were modified, and a sale was effected. Where a broker's efforts fail, his employer is not precluded from thereafter negotiating with the purchaser found by the broker, even on the same terms; and the mere fact that the broker's efforts may have led to subsequent negotiations, which, under more favorable circumstances, resulted in a sale, does not alone entitle the broker to a commission. Donovan v. Weed, 182 N. Y. 43, 74 N. E. 563; Miller v. Vining, 112 App. Div. 304, 98 N. Y. Supp. 466; Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441; Wylie v. Marine National Bank, 61 N. Y. 415. The judgment is against the weight of evidence, and should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.