JOSEPH MOSKOWITZ and MORITZ J. HENSCHEL, Respondents, v. PREFERRED
INVESTING COMPANY, INC., Appellant.

*Vendor and purchaser — brokers' commissions — postponement of negotiations
— special oral agreement — lack of consideration.*

Appeal by the defendant from a judgment of the Supreme Court, entered
in the New York county clerk's office January 20, 1919, upon the verdict
of a jury, and also from an order, entered January 17, 1919, denying the
defendant's motion for a new trial.

Judgment and order affirmed, with costs. No opinion. Present —
Clarke, P. J., Dowling, Smith, Page and Greenbaum, JJ.; Smith and
Greenbaum, JJ., dissenting.

SMITH, J. (dissenting): This action is brought by commission brokers to
recover one per cent upon the value of property exchanged by the defendant

with a third party. The defendant was the owner, or had an interest in real property situated on the southwest corner of Post avenue and Two Hundred and Fourth street in the borough of The Bronx. The William F. Kenny Company, a domestic corporation, was the owner, or had an interest in various real properties in the borough of The Bronx and in securities consisting of bonds and mortgages upon various real properties situated in the boroughs of Manhattan and Brooklyn. In the complaint it is alleged that the defendant employed the plaintiffs as brokers to aid and assist the defendant in making an exchange of its said property for the real property and bonds and mortgages and interests in bonds and mortgages of the said Kenny Company, and William F. Kenny, the president of said corporation. Thereafter, and in pursuance of said employment, the plaintiffs entered upon their work, and it is alleged that the plaintiffs induced and persuaded the said William F. Kenny Company and William F. Kenny to exchange and trade said real property and bonds and mortgages for the property of the defendant upon such terms as might be agreed upon and acceptable to all of said parties. It is further alleged that during the course of the negotiations the defendant requested the plaintiffs to cease negotiations in connection with said exchange until advised by defendant to continue with the same, in consideration of which the defendant promised and agreed to and with the plaintiffs, that the said defendant would continue the said negotiations with the said Kenny Company and promised and agreed to pay the plaintiffs the usual and customary brokerage for the sale and exchange of real property, upon an exchange or trade being effected between the said defendant and the said Kenny Company. It is further alleged that in consideration of such promise and agreement the plaintiffs did cease to further conduct said negotiations and did cease to render work, labor and services in respect thereof, although plaintiffs were at all times ready and willing to conduct said negotiations. Thereafter it is alleged that the defendant did effectuate an exchange and trade of its respective properties with the said William F. Kenny Company and William F. Kenny, and did enter into a contract for an exchange and agreed to sell to the said William F. Kenny Company the said property for the sum of $366,500, in exchange and trade of the said real property and bonds and mortgages and interest in bonds and mortgages by the said William F. Kenny Company for the sum of $324,500, making a difference in the values of the respective properties of the defendant and of the said William F. Kenny Company of $42,000, which said sum was to be paid by said William F. Kenny Company on the closing of the contract. It is further alleged that said exchange and trade were consummated and the instruments delivered, and that the plaintiffs performed all the terms and covenants of the agreement on their part, except that they ceased to conduct negotiations at the special instance and request of the defendant as hereinbefore specifically set forth, but that defendant has failed and refused to carry out the provisions of the agreement on its part to be performed. It is further alleged that the customary brokerage upon such exchange is one per cent, and that the plaintiffs are entitled to $3,665, as one per cent upon the sum of $366,500, the selling

price of the defendant's property. This complaint is amplified by a bill of particulars which states the properties which the said Kenny Company agreed to exchange with the defendant upon the inducement and procurement of the plaintiffs. But this exchange was not made, the defendant being unwilling to agree to the proposition which the plaintiffs had procured from the Kenny Company. Thereafter it appears by the evidence that the plaintiffs did nothing further towards consummating any exchange of properties between the defendant and the Kenny Company, but three months thereafter, through another broker, the defendant's property was exchanged for properties of the Kenny Company, and the properties of the Kenny Company involved in this exchange were not the properties mentioned in the proposition which the plaintiffs procured to be made by the Kenny Company, with the exception of one single item. The exchange having been made for entirely different properties, it cannot be said in any sense that the plaintiffs were the procuring cause of the exchange of the properties finally made. In fact, the charge of the court states plainly: " The plaintiffs are not suing for commissions. They do not claim to have earned any commission. They are suing for the breach of an agreement which they say was made on behalf of this defendant, by which, if they would do certain things, the defendant undertook to pay them a commission if they put through a trade. The sole question in the case is, was or was not that agreement made." At the close of the case the defendant moved for a dismissal of the complaint, which motion was denied and an exception was taken. In *Miller* v. *Vining* (112 App. Div. 304) the opinion in part reads: " It is elementary that to be entitled to commissions the broker must be the procuring cause of the sale, and if his efforts fail his employer is not precluded from thereafter negotiating with the purchaser introduced by him, even on the same terms, without being obliged to pay commissions. The broker takes the risk of bringing the minds of the parties together so as to effect a bargain, and if he fail the mere fact that his efforts may have led to subsequent negotiations, which under more favorable circumstances have resulted in sale, does not alone entitle him to a commission " (citing cases). The exchange finally consummated not having been procured by the plaintiffs, the sole remaining question is as to the liability of the defendant upon an oral promise to pay the commissions upon any exchange thereafter consummated on condition that the brokers should refrain from further negotiations. The question is an important one, because, if such promise creates the liability, any broker who has failed to consummate a sale or an exchange, can by swearing to such a conversation, present a question of fact to a jury which would make the real estate owner liable to commissions, whether or not the exchange finally consummated may have been made through other brokers to whom he has paid commissions. Moreover, any number of brokers who had any part in introducing the parties or bringing the parties together may render the real estate owner liable for commissions to all of them by swearing to such an agreement as is here sworn to. Of course, such a possible contingency cannot affect any established rule of liability. Nevertheless, the danger of its abuse

should render the court most cautious in establishing such a rule of liability, unless compelled by well-settled rules of law. I am unable to find any rule of law upon which such a liability can here be predicated. The proposition procured by the plaintiffs from the Kenny Company was rejected by the defendant. The trial court undoubtedly agreed and apparently correctly held that the defendant at that time had the clear legal right to discharge the broker and attempt further negotiations through other brokers to effectuate another exchange of different property, or within the authority cited, to itself effectuate the exchange of the same property. It is claimed, however, that the brokers were not discharged, but were simply asked to discontinue further negotiations that the defendant might itself further negotiate. This, in my judgment, was equivalent to and constitutes in legal effect a discharge of said brokers; and a promise to pay commissions upon their agreement to discontinue further negotiations, which they had no right to continue without the approval of the defendant, cannot be deemed to be based upon any legal consideration upon which the defendant can here be held liable. (*Meyer* v. *Improved Property Holding Company*, 137 App. Div. 691.) In that case Mr. Justice Laughlin says: " There is no allegation or proof that the lease was taken in the name of Kurzrock for Seleznick, except as it is alleged that he was to have and did take one store in bad faith, and with a view to depriving the plaintiff of his commissions, which would have presented another question." In this case there is no such question presented either by the pleadings or the proof. There is no claim of bad faith to prevent the plaintiffs from recovering their commission as commissions were afterwards paid to another broker who did in fact effectuate the exchange, and the fact that the exchange finally effectuated consisted of properties substantially different from the proposition for exchange which was procured by the plaintiffs, would seem conclusively to negative bad faith on the part of the defendant in directing the plaintiffs to discontinue further negotiations. In reaching this conclusion I have not overlooked the case of *Walton* v. *Chesebrough* (39 App. Div. 665; affd., upon opinion below, 167 N. Y. 606). In that case, however, the court submitted to the jury, and the jury found that the plaintiff was the procuring cause of the exchange of properties made. The suit was brought for commissions upon the theory that the plaintiff was the procuring cause of the exchange. The exchange was made of substantially the same properties which the broker was originally employed to negotiate. The further negotiations which resulted in the final consummation of the exchange was made by the defendant himself and not through another broker. The case was decided upon the state of facts there existing which very materially differ from the facts presented by this record, in that it is not here claimed that the plaintiffs were the procuring cause of the exchange of the properties actually made. The statement of Mr. Justice O'Brien in that opinion to the effect that the direction by the defendant to the broker that he himself would conduct further negotiations was a sufficient excuse for the failure of the broker to act further, must be read in connection with the peculiar facts of that case where, upon the evidence, it might well have been held

that the broker was the procuring cause of that exchange. (*Colvin* v. *Post Mortgage & Land Co.*, 225 N. Y. 510.) The *Walton* case cited, therefore, upon which the plaintiffs rest their right to recover is not an authority sustaining the plaintiffs' contention in the case at bar. The judgment and order should, therefore, be reversed, with costs, and the complaint dismissed, with costs.

GREENBAUM, J. (dissenting): Defendant, if acting in good faith, had the right to terminate plaintiffs' agency. He, therefore, had the right to tell plaintiffs that he desired them to discontinue their theretofore unsuccessful efforts to bring about the exchange of the properties for which he was negotiating. (*Sibbald* v. *Bethlehem Iron Company*, 83 N. Y. 378; *Donovan* v. *Weed*, 182 id. 43.) It would seem to follow that the alleged promise to plaintiffs made by defendant through his attorney, that they would be paid their commissions in case defendant successfully negotiated the exchange, was without consideration. But assuming that such a promise was made, based upon a sufficient consideration, it appears as matter of fact that the defendant never succeeded in accomplishing an exchange of the properties as to which plaintiffs had been negotiating, and that the defendant's property was finally sold through the efforts of another broker who was paid commissions, and hence plaintiffs were not entitled to a recovery. The judgment should be reversed.