RODGER P. DOYLE, Plaintiff, *v.* JESSE T. MEEKER, Interpleaded in the Place and Stead of the FORTY-SECOND STREET AND MADISON AVENUE CORPORATION, Defendant.

City Court of New York, May 27, 1925.

**Brokers — real estate brokers — action of interpleader to determine right of real estate brokers to commissions paid into court — lessor demanded guaranty from tenant — plaintiff, original broker, failed to secure guaranty — defendant, subsequent broker, procured execution of lease — defendant is entitled to commission.**

In an action of interpleader to determine the right of two real estate brokers to commissions earned in leasing property, in which it appears that as a part of the lease the lessor demanded a written guaranty executed by a financially responsible person, the evidence shows that the plaintiff, although he did some work in bringing the parties together, failed to produce the guaranty, and that it was through the efforts of the defendant that the lease was finally executed by the parties. Accordingly, the defendant is entitled to the commissions paid into court.

ACTION of interpleader.

*Parsons, Closson & McIlvaine,* for the plaintiff.

*Phillips & Avery,* for the defendant.

McKEE, J.:

This is an action of interpleader. The plaintiff brought suit to recover brokers' commissions for services alleged to have been rendered the Forty-second Street and Madison Avenue Corporation in leasing its building at No. 17 East Forty-first street to Maude E. Ames. The defendant Meeker filed a claim for the same commissions and upon motion the money was paid into court and Meeker substituted for the corporation as defendant. The testimony shows conclusively, I think, that Mrs. Ames employed the plaintiff to negotiate the lease and that he performed at least part of the work of bringing the minds of the parties together. However, it is also shown conclusively that the corporation laid down, from the beginning of the negotiations, that it would be necessary before it would grant the lease to Mrs. Ames that she obtain a guaranty in writing of a financially responsible person, which guaranty would be submitted to the directors of the company for approval. The plaintiff admitted that he did nothing to procure this guaranty. This guaranty was obtained by the defendant from Ralph Ward and the written guaranty was offered and accepted by the corporation. The plaintiff's case rests entirely upon the question of the procuring of the written guaranty which was submitted to the company.

The company's representative testified that the written guaranty was a necessary and essential part of the lease — that there would have been no lease without it. The plaintiff's work, therefore, was not completed until he produced this guaranty. Without it there could have been no meeting of the minds of the parties and no agreement to lease. The lessor could require any terms it saw fit, and since it required the guaranty, the guaranty became not an independent collateral matter, but as much a part of the lease as the term, the amount of rent and the other essential elements of the lease itself. It was necessary, consequently, for the plaintiff to show that his agency was the "procuring cause" (*Lloyd* v. *Matthews*, 51 N. Y. 124) and that the parties were brought to an agreement through the plaintiff's efforts. (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378; *McEvoy* v. *Athens Hotel Co., Inc.*, 121 Misc. 683; *Miller* v. *Vining*, 112 App. Div. 304; *Sampson* v. *Graves*, 199 id. 762.) I find as a matter of fact that when Mrs. Ames learned that she could obtain the lease only by producing a written guaranty of a financially responsible person she so informed the plaintiff and terminated his employment as her agent; that she made the defendant her broker and that the defendant brought Mrs. Ames and the company to an agreement. There is ample testimony, I think, to support this finding, especially in view of the plaintiff's admission that he did nothing to procure the written guaranty. If this be so the plaintiff cannot recover. (*Sibbald* v. *Bethlehem Iron Co.*, *supra*; *Sampson* v. *Graves*, *supra*.) I, therefore, accordingly grant judgment to the defendant for the amount deposited. Submit findings.