WILLIAM T. MILLS, Appellant, *v.* DAVID S. MILLS and PHŒBE MILLS, Executors of WILLIAM DOLSEN, Respondents.

A contract, the consideration of which is that one of the parties thereto would give "all the aid in his power, spend such reasonable time as may be necessary, and generally use his utmost influence and exertions to procure the passage into a law" of a bill introduced into the legislature, is void, as against public policy, and will not be enforced.

Such contracts tend to subject the legislature to secret, improper and corrupt influences.

(Argued March 29th, 1869, and decided June 11th, 1869.)

THIS was an action to compel the specific performance of an agreement to convey certain real estate in the city of Brooklyn. By an agreement of the 8th June, 1853, the defendant, David S. Mills, covenanted to convey to the plaintiff, by deed, with full covenants, certain lots of land, thirty-four in number, situate upon Myrtle avenue and Witherspoon

street, in the city of Brooklyn. The deed of conveyance was to be executed by himself and wife, and delivered when the bill which, before that time, had been introduced into the senate of the State of New York, with the amendments, or a similar bill, should become a law. The agreement recited that a bill had recently been introduced into the senate of the State granting to David S. Mills, and others, a franchise for a railroad on Division avenue, in the county of Kings, and for the operating of trains of cars thereon. The considerations for the grant and conveyance of the thirty-four lots of ground were:

1st. The transfer and assignment to David S. Mills of the right, title and interest of the firm of Ivins & Mills in and to a certificate or declaration filed by them, under the general railroad act, together with the license theretofor made to them by the common council of the city of Williamsburgh, and also the good will of an omnibus line of Ivins & Mills, on Division avenue.

2d. A covenant by William T. Mills, "that he would give all the aid in his power, and spend such reasonable time as may be necessary, and generally use his utmost influence and exertions to procure the passage into a law of the said bill heretofore introduced into the senate of the State of New York, as hereinbefore mentioned, or any other bill to the same end; the said bill being so amended as to limit the grant therein mentioned to the said parties hereto, without any other party in interest in such grant, except them; and also to be amended as may mutually be agreed between said parties from time to time, until the same shall become a law. And further, when any such bill shall become a law, said party of the first part will release, assign and transfer to the party of the second part, by a good and sufficient instrument in writing, under his hand and seal, all the right, title and interest which shall accrue to or belong to him, the party of the first part, under such law."

3d. A further covenant by William T. Mills, "that he will not, in any way, co-operate or conspire with any other person

whomsoever at the introduction into either branch of the legislature, or elsewhere, of any proposition for the construction of any railroad whatever on Division avenue, in the county of Kings, or in any way give aid or countenance to any such measure."

The purpose of the plaintiff's action was to obtain a specific performance of the contract, and to compel David S. Mills to execute and deliver the deed for the thirty-four lots of ground in the city of Brooklyn. William Dolsen was made a party upon the allegation and charge that the lots had been conveyed to, and were then held by him without consideration, and with full knowledge of the plaintiff's equitable right thereto. The defendants put the principal allegations of the complaint at issue by their answers, and the action was referred to Henry Nicoll, Esq., to hear and determine. Upon the hearing before the referee, the pleadings, and the agreement executed under the hands and seals of William T. Mills and David S. Mills were read in evidence. The counsel for the defendants then moved that the complaint be dismissed, which motion the referee granted, upon the ground that the agreement was illegal and void. Judgment having been entered upon the report, the plaintiff appealed, and the same was affirmed by the General Term. The plaintiff now appeals to this court.

*Samuel D. Morris*, for appellant.

*Albert Matthews*, for respondent.

HUNT, Ch. J. The question of the effect of agreements of this character has been recently considered in this court. (*Lyon* v. *Mitchell*, 36 N. Y. R., 235.) See also the dissenting opinion of Judge GROVER, at page 682. The agreement in question is founded upon an undertaking on the part of the plaintiff, reciting that a bill was pending in the senate, which granted unto the plaintiff a certain railroad franchise in the city of Brooklyn, and promising "to give all the aid in his

power, spend such reasonable time as may be necessary, and generally to use his utmost influence and exertions to procure the passage into a law of the bill heretofore introduced into the senate of the State of New York." It was further agreed that the said bill should be so amended as to limit the grant therein to the parties to this agreement; or that it should be amended as, from time to time, should be agreed by the said parties; and, when passed, the right should be transferred to David S. The plaintiff further agreed that he would not "co-operate or conspire" with any other person, or give any aid or countenance to the introduction into the legislature by any other person of a similar proposition.

It is not suggested that the plaintiff was a professional man, whose calling it was to address legislative committees. It is not suggested that he had any claim of right, which he proposed to advocate, and which right or debt he proposed to transfer to the defendant. He had simply asked of the legislature the privilege or favor to be granted to him of building and operating a railroad, upon certain streets of the city of Brooklyn. This privilege may be assumed to be of pecuniary value. To procure the passage of such a law for the benefit of the defendant, he undertook to use his utmost influence and exertions. This contract is void as against public policy. It is a contract leading to secret, improper, and corrupt tampering with legislative action. See *Lyon* v. *Mitchell (supra)*, and cases cited. See, also, *Fuller* v. *Dame* (18 Pick. R., 479); *Sedgwick* v. *Staunton* (14 N. Y., 289); *Frost* v. *Belmont* (6 Allen R., 159); *Powers* v. *Skinner* (34 Vt. R., 281). It is not necessary to adjudge that the parties stipulated for corrupt action, or that they intended that secret and improper resorts should be had. It is enough that the contract tends directly to those results. It furnishes a temptation to the plaintiff, to resort to corrupt means or improper devices, to influence legislative action. It tends to subject the legislature to influences destructive of its character, and fatal to public confidence in its action. (*Clippayn* v. *Hepbaugh*, 5 W. & S., 315; *Fuller* v. *Dame, supra*.)

The case was correctly decided, and the judgment should be affirmed.

All the judges concurred in the result. MASON, J., thought it the duty of the court to construe a contract as innocent unless it appears affirmatively that it was for a corrupt purpose.

Judgment affirmed.