CHARLES H. T. J. SOUTHARD et al., Appellants, *v.* FRANCIS BOYD, Respondent.

Defendant, after a failure upon his part to charter his vessel to the United States government, employed plaintiffs, who were related to one of the government agents, to effect a charter, which was accomplished by them. In an action to recover the stipulated commissions,—*Held*, that plaintiffs' relationship and the probable influence they could exert in consequence did not forbid their employment, or render the contract illegal.

(Argued May 13, 1872; decided September term, 1872.)

APPEAL from order of the General Term of the Court of Common Pleas of the city and county of New York, reversing a judgment in favor of plaintiffs, entered upon a verdict, and granting a new trial.

This action was brought to recover commissions claimed to have been earned by plaintiffs as ship brokers in chartering a vessel for defendant.

The plaintiffs were ship brokers, doing business in the city of New York. In December, 1862, and January, 1863, the Banks' expedition was being fitted out at the port of New York. Cornelius Vanderbilt was appointed special agent of the government for the procuring of the ships. He signed the charter-parties on behalf of the government.

The defendant, a ship-owner residing in Boston, hearing of the Banks' expedition, came to New York, seeking employment in this expedition for one of his ships known as the "Red Gauntlet." Failing to charter it himself, he called at the office of the plaintiffs and left his ship for charter, limiting them, however, to a charter for *troops*, and returned to Boston. At this interview he was informed that the commissions, in case of charter, would be five per cent.

Upon applying to Mr. Vanderbilt to charter the ship the plaintiffs were informed that the government required no more ships for *troops*, but would take the ship for *horses*, if, upon examination, it was found suitable.

The plaintiffs having no authority to charter for horses, immediately communicated with the captain of the ship, who telegraphed the defendant at Boston. He assented that the charter might be made for horses, and it was made by the plaintiffs accordingly. The defendant's ship was accepted and went into the public service.

The answer admitted that the defendant owned the Red Gauntlet, but denied all the other allegations contained in the complaint. At the close of the evidence the court ordered a verdict for the plaintiffs. Other facts appear in the opinion.

*Mr. Benedict*, for the appellants. A contract by the owners of a vessel to pay a broker commissions for obtaining a charter of their vessel from the United States government is not void. (*Lyon* v. *Mitchell*, 2 Trans. Apps., 47; *Howland* v. *Coffin*, 47 Barb., 653.)

*S. P. Nash*, for the respondent. Plaintiffs were not entitled to compensation as brokers. (*Walker* v. *Osgood*, 98 Mass., 348; *Lyon* v. *Mitchell*, 36 N. Y., 235.)

EARL, C. No opinion was given at General Term, and we are, therefore, unable to see upon what precise ground the judgment was reversed. The decision of the General Term is sought to be sustained here upon two grounds, which I will consider:

1. At the trial the defendant's counsel claimed to go to the jury upon the single question, " Whether, in point of fact, defendant's vessel was offered to the government agent before plaintiffs met him." This was refused and an exception was taken. Suppose this precise question had been submitted to the jury, and they had found it in favor of the defendant, how would it have aided him? He had tried to get the government agent to take his vessel and had failed. There is no evidence that he failed in consequence of anything done by the plaintiffs. There was no proof, and, so far as I can see, no claim at the trial that the plaintiffs interfered in any way with defendant's efforts to charter his vessel. It is sufficient that, having failed to charter his vessel by his own efforts, he employed the plaintiffs and they effected a charter and earned their commission.

2. The further claim is made that the contract with the plaintiffs was for an illegal service, in that they charged a commission for claiming to have influence with a government agent to accept a vessel already offered, but not yet accepted.

It is true that one of the plaintiffs was a son, and that another was a son-in-law of one of the government agents, whose business it was to select the vessels for the government, and the plaintiffs probably had facilities for chartering vessels which others did not have. But the plaintiffs did not contract to do an illegal service. They did not agree to use any corrupt means to procure the charter. The fact that the plaintiffs had intimate relations with the government agents, and could probably therefore influence their action much more readily than others, did not forbid their employment. (*Lyon* v. *Mitchell*, 36 N. Y., 235.)

I am unable to see, therefore, upon what ground the contract of the defendant with the plaintiffs can be considered as illegal.

The order of the General Term should be reversed and judgment upon the verdict affirmed, with costs.

All concur.

Order reversed and judgment accordingly.