# SUPREME COURT.

## REDICK McKEE agt. RICHARD CHENEY.

*Contract for lobby services — for personal influence with members of the legislature or other official body, illegal and void.*

A contract for lobby services, for personal influence, for mere importunity, to members of the legislature or other official body, for bribery or corruption or for seducing or influencing them, by any other arguments, persuasions or inducements than such as bear directly and legitimately upon the merits of the pending application, is *illegal* and against public policy and *void.*

It is not necessary to adjudge that the parties stipulated for corrupt action, or that they intended that secret and improper resorts should be had. It is enough that the contract tends directly to those results.

Where the defendant's claim required the passage of an act of congress before it could be paid, the plaintiff, in substance, agreeing to collect that claim, and as a part of the service to be performed by him agreed to procure the passage of an act of congress, also agreed to importune and solicit, and in fact did importune and solicit, various members of the house of representatives; that he brought not only his personal influence to bear upon such members to secure the passage of the act, but also brought the personal influence of others to bear upon them to that end and for that purpose:

*Held,* that the claim was *void* as against public policy.

*Held, also,* that although the plaintiff sues upon an agreement made after the passage of the act of congress was procured, the consideration of the agreement, or a part of the consideration, was the service rendered by the plaintiff in procuring the passage of the act. The previous agreement as to those services being void as against public policy, the execution of a new agreement or a subsequent promise to pay for such services does not better the plaintiff's position.

*Special Term, March,* 1876.

*Mr. Smith,* for plaintiff.

*Mr. Salmon,* for defendant.

LAWRENCE, *J.*—In *Lyon* agt. *Mitchell* (36 *N. Y.*, 241), Mr. justice HUNT, in delivering the opinion of the court, after reviewing many of the cases relied upon by counsel in this action, uses the following language :

"A distinction may also well be made upon those cases which, I think, will dispose of the present question. Personal solicitation of legislators or of judges, is not a lawful subject of contract. Personal solicitation of the president, the governor or the heads of departments, for favors or for clemency, is not the lawful subject of contract. The apprehension that considerations, other than a high sense of duty and of the public interest, may thus be brought to influence their determination forbids this employment."

But a different principle prevails where property is offered for sale to the government and where a bargain is sought to be made with them and where there is no concealment of the agency. · It then becomes a matter of traffic.

The learned justice, in the paragraph just quoted, seems to me to have stated the exact difference in principle between the cases relied on by the plaintiff and defendant in this action. All those upon which the plaintiff's counsel relies were cases in which property was sought to be sold to the government, and it was held that in employing an agent to make such sale reference might lawfully be had by the employer to the fact that the agent was of the same political party with those administering the government, and had acquaintances and a good reputation · at the place where the sale was to be made (*Lyon* agt. *Mitchell, supra ; Cummins* agt. *Barkalow,* 4 *Keyes,* 514 ; *Southard* agt. *Boyd,* 51 *N. Y.*, 177).

All the cases, however, hold that a contract for lobby services, for personal influence, for mere importunity to members of the legislature or other official body, for bribery or corruption, or for seducing or influencing them, for any other arguments, persuasions or inducements than such as bear directly and legitimately upon the merits of the pending application,

is illegal, and against public policy and void (*Brown* agt. *Brown*, 34 *Barb.*, 534; *Rose* agt. *Truax*, 21 *Barb.*, 361; *and see cases cited at p.* 374; *Harris* agt. *Roof's Exr.*, 10 *Barb.*, 489).

In *Mills* agt. *Mills* (40 *N. Y.*, 546), judge HUNT says : " It is not necessary to adjudge that the parties stipulated for corrupt action, or that they intended that secret and improper resorts should be had. It is enough that the contract tends directly to those results. It furnishes a temptation to the plaintiff to resort to corrupt means or improper devices to influence legislative action."

After examining the correspondence in this case and reading the testimony of the plaintiff, I do not see how the conclusion can be resisted that under the authorities to which I have referred the agreement between the plaintiff and defendant is void, as against public policy, and cannot be enforced.

The defendant's claim required the passage of an act of congress before it could be paid. The plaintiff, in substance, agreed to collect that claim, and as a part of the service to be performed by him he agreed to procure the passage of an act of congress. It is quite evident, also, from the correspondence, that he also agreed to importune and solicit, and that in fact he importuned and solicited, various members of the house of representatives ; that he brought his personal influence to bear upon such members to secure the passage of the act, and that he also brought the personal influence of others to bear upon them to that end and for that purpose. As between the parties the defense in this case may be unconscionable and unjust; but as was well remarked by WRIGHT, J., in *Rose* agt. *Truax* (21 *Barb.*, 380), " their action (*i. e.*, the court's) is controlled by a principle having no respect to the equities between the parties, or their bad faith toward each other, but rests upon the solid and broad foundation of a wise and prudential governmental policy."

I at first entertained great doubts whether, under the answer, the defendant could avail himself of this defense.

McKee agt. Cheney.

The main allegation in the answer is, that the defendant was induced to enter into the agreement by reason of the plaintiff representing that he had paid for the defendant $1,000 in San Francisco.

It was, as I understand it, conceded on the trial that that sum had been in reality paid by the plaintiff. The answer, however, denies each and every allegation in the complaint, except as thereafter admitted, and also denies that the defendant is indebted to the plaintiff. Under these denials it was incumbent upon the plaintiff to make out an indebtedness to him; and as he could only proceed to do so by proving an agreement to pay for services which could not, for reasons of public policy, be made the subject of a legal contract, his cause of action fails. In any event, under the circumstances, I think that if an amendment of the answer is necessary, as the facts have been proven, such amendment should be allowed. One other point should be noticed. The plaintiff sues upon an agreement made after the passage of the act of congress was procured.

The consideration of the agreement, or a part of the consideration, was the service rendered by the plaintiff in procuring the passage of that act. If I am right in the conclusion that the previous agreement as to those services was void, as against public policy, the plaintiff's position is not bettered by the execution of a new agreement, or by a subsequent promise to pay for such services (*Grey* agt. *Hook*, 4 *Comstock*, 449).

The complaint must therefore be dismissed, with costs.