MORGAN L. HARRIS, RESPONDENT, *v.* ALFRED L. SIMON-
SON, AND OTHERS, EXECUTORS, ETC., OF SAMUEL WOOD,
DECEASED, APPELLANTS.

*Lobbying — claims for services rendered in procuring the passage of laws — what
must be shown before the court will allow them to be enforced.*

APPEAL from a judgment in favor of the plaintiff, entered on the
verdict of a jury, and from an order made at a Special Term deny-
ing a motion for a new trial.

The verdict was recovered for what was claimed to have been the
value of personal services rendered by the plaintiff under the
employment of Samuel Wood, the testator, in and about procuring
the passage of an act of the legislature, known as chapter 176,
Laws of 1875, for the incorporation of musical colleges, etc. It
was not claimed that the plaintiff was employed by the defendant's
testator personally, but that he had been employed, under his
authority, by the witness William Elmer.

The court at General Term said: "Claims for services of the
nature of those alleged to have been performed require to be
carefully, cautiously, and minutely examined, in order to avoid the
judicial sanction of demands arising out of the exercise of improper
and vicious influences over members of the legislature. Some por-
tion of the services relied upon in support of the claim made con-
sisted in direct appeals to individual members of the legislature.
They were not of the character which has been sanctioned, permit-
ting recoveries in cases of this nature, for they were not clearly
made to appear, to consist of mere information or arguments tend-
ing to expedite the proper passage of the act. Such information
and arguments are more appropriately directed publicly to the
committee, as such, having the bill in charge, or to the body con-
sidering the propriety of its enactments. The prevailing prin-
ciples of law have been very cautiously adopted upon this subject,
for the purpose of avoiding the effect of sanctioning direct or indi-
rect influences brought to bear upon members of a legislative body,
to secure the passage of an act required to be officially considered
by them; and for that reason it has been held that 'legislators

should act with a single eye to the true interest of the whole people, and courts of justice can give no countenance to the use of means which may subject them to be misled, by pertinacious importunity and indirect influences of interested and unscrupulous agents or solicitors; and public policy and sound morality did therefore imperatively require that courts should put the stamp of their disapprobation on every act, and pronounce void every act, the ultimate or probable tendency of which would be to sully the purity or mislead the judgments of those to whom the high trust of legislation is confided.' (*Marshall* v. *Baltimore, etc., R. R. Co.,* 16 How. [U. S.], 314, 334–5; *Rose* v. *Truax,* 21 Barb., 361; *Brown* v. *Brown,* 34 id., 533; *Mills* v. *Mills,* 40 N. Y., 543.)

" To warrant a recovery in such a case as this the evidence should be required to establish the fact, with reasonable clearness, that the services alleged to have been performed were such as the law will sanction in aiding and promoting legislative action. It is not definitely intended to be held that the services for which the recovery was permitted were not of this description; but the evidence, as it was given, certainly affords room for suspicion that, to some extent at least, they were not such as the law will approve. Without therefore determining this point, it is sufficient to say that because of the exclusion of the answers proposed to be obtained from the witness Elmer, and of the receipt given by him to Wood in his lifetime, the judgment and the order in the case should be reversed and a new trial ordered, with costs to the appellant to abide the event."

*E. Schenck,* for the appellants.

*George Putnam Smith,* for the respondent.

Opinion by DANIELS, J.; BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Judgment and order reversed, new trial ordered, costs to appellants, to abide event.