Tkuax, J. (concurring).
I am of the opinion that it appeared on the plaintiff’s own showing that the five thousand dollars was given to the defendant for *138 the purpose of procuring the passage of a resolution by the Common Council of the city of New York.
In the words of Mills v. Mills, 40 N. Y. 543, it was not suggested that the defendant was a professional man, whose calling it was to address legislative committees. He was simply to ask of the Common Council the passage of the resolution that was offered in evidence by' plaintiff. Such a contract is void as against public policy.
At the close of plaintiff’s case the defendant moved to dismiss the complaint on the ground that no valid trust had been established, and that' the alleged trust agreement was void, because it was made for the purpose of influencing'legislation, that is, the action of the Common Council. This motion should have been granted. It was denied and subsequently both parties offered evidence.
It appeared from the cross-examination of the defendant, who was called as a witness in his ;own behalf, that he was a plumber. Now if we strike out all the testimony to which the plaintiff objected we have this state of facts: the plaintiff deposited with the defendant, a plumber, five thousand dollars in cash and certain stock, which money and stock was to be returned to plaintiff if the resolution above referred to was not passed so as to take effect before a certain day, and that it was not passed so as to take effect before the time fixed.
This evidence did not show the cause of action set forth in the complaint, and the defendant’s motion to dismiss the complaint, made at the close of the case, should have been granted. Mills v. Mills, 40 N. Y. 543.
This view of the case renders it unnecessary to discuss the interesting question of pleading suggested by the exceptions taken by the plaintiff on the trial.
I concur with the chief judge in affirming the judgment and order, with costs.