(118 App. Div. 127)

## DUNHAM v. HASTINGS PAVEMENT CO.

(Supreme Court, Appellate Division, First Department. March 15, 1907.)

COURTS—STARE DECISIS—DECISION OF HIGHEST STATE COURT—DECISION OF
SUPREME COURT OF UNITED STATES.

A contract relating to legislation, when valid under the doctrine governing such contracts announced by the highest court of the state, will not be held void by an intermediate court of the state, though invalid under the doctrine announced by the Supreme Court of the United States in a case involving a similar contract, where the validity of the contract is not a federal question.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 329–334.]

Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by Edward R. Dunham against the Hastings Pavement Company. From a judgment overruling defendant's demurrer to plaintiff's amended complaint, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Austen G. Fox (John S. Sheppard, on the brief), for appellant.

Samuel Untermyer (Abraham Benedict, on the brief), for respondent.

LAUGHLIN, J. This action is based upon a contract in writing which the defendant has insisted from the commencement of the litigation was void upon grounds of public policy. On two former appeals, after trials on the merits wherein the record, not only presented the contract, but proof of the nature and extent of the services rendered thereunder, this court adjudged that the contract was valid (56 App. Div. 244, 67 N. Y. Supp. 632, 57 App. Div. 426, 68 N. Y. Supp. 221, and 95 App. Div. 360, 88 N. Y. Supp. 835), basing its decision mainly upon the authority of Cheseborough v. Conover, 140 N. Y. 382, 35 N. E. 633. We are now asked on the face of the contract alone, which is set forth in the complaint in hæc verba, to reconsider the former decisions of this court and declare the contract void upon the authority of Veazey v. Allen, 173 N. Y. 359, 66 N. E. 103, 62 L. R. A. 362, which was drawn to the attention of this court on the second appeal, and on the authority of Hazleton v. Sheckells, 202 U. S. 71, 26 Sup. Ct. 567, 50 L. Ed. 939, and Sussman v. Porter (C. C.) 137 Fed. 161, and cases therein cited. The views expressed in the opinion in Veazey v. Allen, supra, which in this regard were not essential to the decision, incline toward the doctrine subsequently announced by the Supreme Court of the United States in Hazleton v. Sheckells, supra, that the validity of a contract with respect to services concerning legislation or the action of public bodies or officials in awarding contracts is to be determined not by what is expressly contracted to be done, but upon what may be done thereunder and the tendency of the agreement, where the compensation is contingent upon success, to induce improper solicitation or the unlawful and corrupt use of money. The Court of Appeals, how-

ever, in the Veazey Case, supra, neither expressly modified nor overruled the Cheseborough Case, but, on the contrary, reaffirmed its doctrine. Under the broad doctrine announced in Hazleton v. Sheckells, supra, it is clear that this contract could not be enforced. However, whether the contract be void upon grounds of public policy is not a federal question, but one for the exclusive jurisdiction of our own courts. The majority of the court, as now constituted, would favor the adoption by the state courts of the doctrine enunciated in Hazleton v. Sheckells, supra; but, since it apparently goes beyond any doctrine enunciated by the Court of Appeals and essential to the decision of the case before the court, and since the former decisions of this court under which this litigation has been continued were based upon a former decision of the Court of Appeals, we think it should be left to that court to decide whether it was intended by the Veazey Case, or is now the judgment of that court, that the doctrine of Hazleton v. Sheckells, supra, should be fully adopted in this state.

The interlocutory judgment should therefore be affirmed on the authority of the decisions of this court on the former appeals herein.

PATTERSON, P. J., and HOUGHTON and LAMBERT, JJ., concur.

SCOTT, J. (dissenting). I feel constrained to dissent from the affirmance of this judgment. It is not strictly accurate to say that the legality of the contract was determined on the first appeal. All that was then decided was that the question of its legality should have been submitted to the jury. 56 App. Div. 244, 67 N. Y. Supp. 632. Even this result was arrived at with reluctance, and under what was supposed to be a relaxation of the strict rule of Mills v. Mills, 40 N. Y. 543, 100 Am. Dec. 535, embodied in the opinion in Cheseborough v. Conover, 140 N. Y. 382, 35 N. E. 633. Since the first appeal the Court of Appeals in Veazey v. Allen, 173 N. Y. 359, 6 N. E. 103, 62 L. R. A. 362, have expressly reaffirmed the rule of Mills v. Mills in all its stringency, and have again held that the test to be applied to what is claimed to be a lobbying contract is not that the parties actually stipulated for corrupt action, or intended that secret and improper resorts should be made, but that it is enough to condemn such a contract that it tends directly to these results, and furnishes a temptation to plaintiff to resort to corrupt means or improper devices to influence legislative action. The Court of Appeals in discussing its decision of Cheseborough v. Conover makes it quite clear that it had no intention in that case to relax the strict rule above stated. It seems to me to be quite apparent, therefore, that the first appeal in this was decided upon a misapprehension as to the force and effect of Cheseborough v. Conover. Upon the second appeal (95 App. Div. 360, 88 N. Y. Supp. 835), although Veazey v. Allen may have been cited by counsel, it is not referred to in the opinion, and was apparently not considered with reference to its explanation of Cheseborough v. Conover. It seems to me, therefore, that we are at liberty to consider de novo the question of the validity of the contract upon which plaintiff sues. As to its in-

validity, tested by the rule stated in Mills v. Mills and Veazey v. Allen, I entertain no doubt.

In my opinion, therefore, the judgment should be reversed and the demurrer sustained.