KASIMIR SAJOR, Respondent, *v.* AMPOL, INC., Appellant, Impleaded with Another.

Argued June 11, 1937; decided July 13, 1937.

*Robert Daru* and *Oswald Vischi* for appellant. There was no violation of article 23-A of the General Business Law (Cons. Laws, ch. 20) when the contract in suit was made because there had been up to that time no offer to sell or sale of securities to the public in this State. (*People* v. *Ruthven*, 160 Misc. Rep. 112; *Durham Citizens Hotel* v. *Dennis*, 195 N. C. 420; *Gillespie* v. *Long*, 212 Ala. 34; *Raynard* v. *State*, 19 Ala. App. 281; *Commonwealth* v. *Pastor*, 289 Penn. St. 22; *Matter of Scheftel*, 155 Misc. Rep. 632; *Kawin* v. *American Colortype Co.*, 243 Fed. Rep. 317; *Montgomery Light & Power Co.* v. *Montgomery Traction Co.*, 219 Fed. Rep. 963.) Even if it be assumed that the statute was applicable to appellant, the mere non-filing of a State notice prior to that date did not make the contract void. (*Matter of Ottinger* v. *Civil Service Comm.*, 240 N. Y. 435; *People* v. *Federated Radio Corp.*, 244 N. Y. 33; *Dunham* v. *Ottinger*, 243 N. Y. 423; *Fosdick* v. *Investors Syndicate*, 266 N. Y. 130; *Merchants Line* v. *B. & O. R. R. Co.*, 222 N. Y. 344; *Mahar* v. *Harrington Park Villa Sites*, 204 N. Y. 231; *Sinnott* v. *German-American Bank*, 164 N. Y. 386; *Gay* v. *Seibold*, 97 N. Y. 472; *Furlong* v. *Johnston*, 209 App. Div. 198; *Cody* v. *Dempsey*, 86 App. Div. 335; *Matter of Birner* v. *Santa Lucia Wineries, Inc.*, 155 Misc. Rep. 722.)

*George H. Zator* for respondent. An innocent misrepresentation is sufficient to permit the purchaser to recover money paid on his purchase whether his action be one in equity for rescission or an action at law based on rescission, and in neither case need he prove that the party making the misrepresentation should have known it was false. (*Bloomquist* v. *Farson*, 222 N. Y. 375; *Seneca Wire & Mfg. Co.* v. *Leach & Co.*, 247 N. Y. 1; *Downey* v. *Finucane*, 205 N. Y. 251; *Bystrom* v. *Villard*, 188 App. Div. 964; 230 N. Y. 588; *Hayward* v. *Leeson*, 176 Mass. 310; *Wiser* v. *Lawler*, 189 U. S. 260; *Spotton* v. *DeFreest*, 140 App. Div. 792; *Von Au* v. *Magenheimer*,

126 App. Div. 257; 196 N. Y. 510.) The subscription agreement for the purchase of the capital stock was made in violation of law and will not be enforced. (*People* v. *Bellinger*, 269 N. Y. 265; *Standard Sanitary Mfg. Co.* v. *United States*, 226 U. S. 20.)

CRANE, Ch. J. On April 5, 1932, the plaintiff, Kasimir Sajor, subscribed to thirty units of capital stock of Ampol; Inc., each consisting of one share of common stock of $10 par value and one share of preferred seven per cent cumulative stock, par value $90, for which he agreed to pay $100 per unit. Later he paid $1,000 and subsequently brought this action to recover it back and to cancel his subscription on the ground of fraud. He alleged that the defendant corporation and Wegrzynek, the president, sold him this stock through false representations in representing that the corporation was organized at the instance and request of the Polish Government; that the Polish National Alliance of the United States had subscribed, as well as the Polish Roman Catholic Union. Other allegations of fraudulent representations are set forth, together with a statement that Ampol, Inc., had duly complied with the law of the State of New York by filing the necessary information with the Attorney-General as a prerequisite for the sale of the stock.

The answer was a general denial with a counterclaim for the balance due on the subscription of $2,000. On the trial of the issues evidence was introduced to show that the corporate defendant had a capital stock originally of $110,000 which in February, 1935, was increased to $220,000. The stock was 1,000 shares of seven per cent preferred with a nominal value of $90 and 2,000 common shares with a nominal value of $10 each. Ampol, Inc., was incorporated to encourage and carry on business between Poland and the United States, and the individual defendant was its president. Through the president it sought to dispose of some of its stock to a few persons who might be interested in becoming agents or in establishing

agencies for the company. The plaintiff was induced to subscribe on an arrangement whereby he was to be such an agent. The trial judge made very definite and sweeping findings of fact whereby he brushed aside all charges of fraud and based his decision for the plaintiff solely upon the defendant's failure to comply with section 359-e of the General Business Law (Cons. Laws, ch. 20).

The trial judge found that Ampol, Inc., was a domestic corporation and that Max F. Wegrzynek was its president; that in signing the subscription agreement the plaintiff relied solely on the president's statement that if plaintiff completed his purchase of defendant's stock, the defendant would grant him an exclusive agency for its food products in Brooklyn and Long Island; that the president was acting in good faith and intended to grant the plaintiff such an agency; that none of the representations pleaded in the complaint were at any time made by or on behalf of the defendant and the representations which were made for the defendant were true; " 7. That no material misrepresentations of any kind upon which plaintiff relied were made by defendant or its president, Max F. Wegrzynek," and as a conclusion of law the trial court found " that there was no fraud or misrepresentation entitling plaintiff to a rescission of the subscription agreement dated April 5, 1932."

The only finding to sustain the plaintiff's judgment is that which mentions the violation of section 359-e of the General Business Law. In a word, this statute requires dealers in securities to file a statement with the Department of State and to pay a fee of $2.50. (See § 359-c.) These provisions of section 359-e so far as pertinent read as follows: " The word ' dealer ' or ' dealers ' * * * shall include * * * corporation * * * *who engages directly or through an agent in the business of trading in securities in such manner that as part of such business any of such securities are sold or offered for sale to the public in this state* * * *. The business of trading in securities within the meaning of this

section shall not include an isolated transaction in which a specific security is sold or offered for sale, by the owner thereof, or by his representative, for the owner's account, such sale or offer of sale not being made in the course of repeated and successive transactions of a like character by such owner, or for his account by such representative, and such owner or representative not being the issuer or underwriter of such security. *A sale or offer of sale to the public shall not include an isolated transaction of the nature above mentioned * * *."*

Subdivision 1 of that section reads in part as follows:

" 1. After this subdivision as hereby amended takes effect, *no dealer shall sell or offer for sale to the public within this state*, as principal, broker or agent, any securities issued or to be issued unless and until a notice, to be known as the ' state notice,' containing the name, business or post-office address of such dealer and if such dealer is a corporation the state or country of incorporation thereof, and if a partnership the names of the partners, shall have been filed in the department of state."   (Laws of 1928, ch. 710, § 3, emphasis supplied.)

The trial judge found upon ample evidence that the defendant sold or offered for sale only its own stock; that it employed no stock salesmen, solicitors or brokers, and did not deal in securities of any other corporation. " 11. That the only person who sold or offered for sale defendant's stock was Max F. Wegrzynek who did so in connection with his duties as president and organizer of defendant corporation."   The judge further found that Wegrzynek offered the stock only to his personal friends and business associates; he also found that the corporation was organized in good faith for the purpose of engaging in the business of importing and exporting merchandise from and to the Republic of Poland.

There may be some doubt whether the defendant corporation in disposing of its stock, under the conditions here described and stated by the trial judge, was or

became a dealer within the meaning of section 359-e of the General Business Law. We need not, however, settle this point at this time as there is another feature of the case which requires us to reverse the judgment and dismiss the complaint.

The courts below have found that the failure to file this notice at the time when the defendant, through its president, commenced negotiations with the plaintiff rendered the sale null and void. Subsequently, at a later date, the defendant complied with all the provisions of this law, but we will assume, as have the courts below, that at the time of the sale to the plaintiff the notice had not been filed. The notice, requiring the name of the dealer, his business or post office address, the State of incorporation and other like matters, in no way affected the plaintiff's purchase. Such a statement had no relation whatever to his transaction. Its purpose was to inform the Attorney-General and the State authorities of the stock business carried on by dealers and of the place where such business was to be conducted. The plaintiff has merely seized upon this failure to get out of a legitimate transaction and avoid his liability. The contract of purchase was legal; there has been no failure of consideration, no over-reaching, no fraud. It is as valid and enforceable as any contract of sale can be. The plaintiff seeks to void it upon this irregularity or omission of the notice required of the corporation for State purposes. The statute does not make sales void or voidable or unenforceable when such notice has not been filed. Such is the requirement of many of the States of the Union which have similar statutes.* Our statute has an omnibus

---

* The following States have such provision: Alabama (Code of Alabama, 1928, ch. 335, art. 12, § 9899); Colorado (Laws of 1923, ch. 168, § 8); Florida (Laws of 1931, ch. 14899, § 16); Illinois (Laws of 1919, pp. 351, 364, § 37); Iowa (Code of 1935, ch. 393-cl, § 8581-C18; Kansas (Laws of 1929, ch. 140, § 18); Michigan (Public Acts of 1923, act No. 220, § 20); Missouri (Laws of 1929, pp. 387, 409, § 25); North Dakota (Laws of 1923, ch. 182, § 16); Oklahoma (Laws of 1931, art. 11, ch. 24, § 16); Utah (Laws of 1925, ch. 87, § 18); Vermont (Acts of 1929, act No. 93, § 17); Virginia (Acts of 1928, ch. 529, § 15); and Wisconsin (Wis. Stats. ch. 189, § 189.15).

provision relating to the violation of any provision of article 23-A of the General Business Law, making the violation a misdemeanor punishable by a fine of not more than $500, or imprisonment of not more than one year, or both. (§ 359-g, subd. 2.) This penalty provided for the violation is the exaction which the law makes, and no other. We should not read into the provisions of the statute that which other State legislators have found necessary to insert, in order to reach the transactions between the parties. Our Legislature intended by the penal consequences to require all dealers in securities to comply with the terms of the General Business Law so that the State might have information whereby it could proceed either criminally or civilly. It did not intend to make void or voidable any and every contract made with a corporation dealer, otherwise valid, simply because it had failed to comply with the many administrative provisions of this law. Such has been our ruling in cases like *Fosdick* v. *Investors Syndicate, Inc.* (266 N. Y. 130); *Merchants' Line* v. *B. & O. R. R. Co.* (222 N. Y. 344); *Mahar* v. *Harrington Park Villa Sites* (204 N. Y. 231); *Warren People's Market Co.* v. *Corbett & Sons* (114 Ohio St. 126); *Pangborn* v. *Westlake* (36 Iowa, 546); *Winters* v. *Lindsay* (52 Cal. App. 93); *Watters & Martin, Inc.,* v. *Homes Corp.* (136 Va. 114); *Escalle* v. *Mark* (43 Nev. 172).

The appeal to this court is by Ampol, Inc., the corporation defendant, as the complaint was dismissed below as to the individual defendant. The appeal to this court was by permission of the Appellate Division.

The judgments should be reversed and the complaint dismissed and judgment directed for the defendant Ampol, Inc., on its counterclaim, with costs in all courts.

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment accordingly.