SYDNEY ROSENTHAL, Respondent, v. THE CITY OF NEW YORK, Appellant.— In an action to recover securities deposited by plaintiff's assignor for the faithful performance of a franchise contract between the assignor and the city of New York, judgment modified on the law by increasing the amount of the city's setoff and counterclaim from $453.76 to $4,169.47, and to this extent sustaining the city's counterclaim. As thus modified the judgment is unanimously affirmed, with costs to appellant. Findings and conclusions inconsistent with this determination are reversed and new findings and conclusions will be made. The city is entitled to offset the amount of its claim for taxes which accrued under its local laws (Nos. 19 of 1933 and 10 and 21 [22] of 1934) for the period from January 31, 1934, to October 11, 1934, the date when the assignment was made. It is admitted that plaintiff's assignor operated its buses during this period without a franchise. While operation of the buses without a franchise is illegal, such illegal operation is not a bar to the city's claim for the taxes which accrued. The compensation stipulated in the franchise is for the use of the streets. The city, by acquiescing in the illegal use of its streets, forfeits its right to collect for their use and occupation. (*City of New York* v. *Bee Line, Inc.*, 246 App. Div. 28; affd., 271 N. Y. 595.) But it does not thereby lose its power to tax. That power is entirely independent of and unrelated to the illegal operation. (*Foster* v. *Speed*, 120 Tenn. 470; 111 S. W. 925; 22 L. R. A. [N. S.] 949, 950, and cases there cited; *Steinberg* v. *United States*, 14 F. [2d] 564, and cases there cited; *Rosasco Creameries, Inc.*, v. *Cohen*, 249 App. Div. 228; Id. 193; *Sajor* v. *Ampol, Inc.*, 275 N. Y. 125; *Fosdick* v. *Investors Syndi-*

*cate*, 266 id. 130.) The local laws in question are applicable to plaintiff's assignor even though the latter's operation was in violation of law. The tax imposed by the local laws is levied not for the privilege of exercising the franchise granted by the municipality for the use of its streets, but for the privilege of exercising a corporate franchise, or holding property, or doing business in the city of New York. Plaintiff's assignor comes within the scope of these local laws. Even though it was operating without a franchise it was, nevertheless, subject to the jurisdiction, supervision and control of the department of public service. Indeed, its non-compliance with the law served to render more imperative the exercise of the supervision and control vested in that department. (Public Service Law, §§ 60, 61, subds. 1–14, particularly subd 2; §§ 63-c, 63-d, subds. 1 and 2; § 63-g; Transportation Corporations Law, §§ 64, 65 and 66.) Whether or not plaintiff's assignor was subjected to the supervisory and regulatory jurisdiction of either division of the Department of Public Service is of no consequence. As a matter of law it was subject thereto so long as it operated omnibuses, irrespective of whether such operation was with or without a franchise. Present — Hagarty, Carswell, Johnston, Adel and Taylor, JJ. Settle order on notice.