WILLIAM BRADFORD, Plaintiff, v. DURKEE MARINE PRODUCTS COR-
PORATION, Defendant.*

Supreme Court, Special Term, New York County, March 24, 1943.

*Thomas T. Cooke* for plaintiff.

*Edward C. McLean* and *Harry J. McCallion* for defendant.

WALTER, J. Plaintiff sues for commissions under a written contract by which he was appointed as defendant's selling agent, he to devote such time and effort toward obtaining business as should reasonably correspond to defendant's capacity for executing orders, but with right to represent other concerns after notifying defendant of his intent to do so, and to be paid sixteen dollars per week plus a commission of a stated percentage of the gross payments made to defendant as a result of orders obtained by him. The contract further provides

---

* See, also, *Singer* v. *Bruner-Ritter, Inc.*, 180 Misc. 928.— [REP.

that orders received from certain enumerated concerns, and from United States Maritime Commission, will be "conclusively presumed" to have been obtained by plaintiff.

Defendant's first, second, and third defenses, and its first and second partial defenses, are pleas of payment, modification, waiver, and estoppel, and are plainly sufficient upon their face. Defendant also sets up a counterclaim seeking reformation of the contract insofar as it provides for a conclusive presumption that certain orders were obtained by plaintiff and that, too, is plainly sufficient upon its face.

The fourth complete and third partial defenses allege that on December 27, 1941, the President of the United States promulgated Executive Order No. 9001 (Dec. 27, 1941, 6 Federal Register 6787, promulgated pursuant to First War Powers Act, 1941, U. S. Code, tit. 50, Appendix, § 611), which provides that every contract entered into pursuant thereto shall contain a warranty by the contractor that he has not employed any person to solicit or procure the contract upon any agreement for a commission, percentage, brokerage, or contingent fee; that breach of such warranty gives the Government the right to annul the contract, or, in its discretion, to deduct from the contract price or consideration the amount of such commission, percentage, brokerage, or contingent fee; but that such warranty shall not apply to commissions payable by contractors upon contracts or sales secured or made through *bona fide* established commercial or selling agencies maintained by the contractor for the purpose of securing business. It is further alleged, but purely in the form of a conclusion, that plaintiff was not and is not now a *bona fide* established commercial or selling agency within the meaning of that Executive Order, and that insofar as concerns commissions on orders of United States Maritime Commission plaintiff's contract and claim are illegal, contrary to public policy, and void and unenforcible.

Contracts to pay a commission for procuring government orders for supplies, no illegal means of procuring them being contemplated or used, are not regarded as contrary to public policy in this State. (*Lyon* v. *Mitchell*, 36 N. Y. 235; *Southard* v. *Boyd*, 51 N. Y. 177; *Beck* v. *Bauman*, 187 App. Div. 774; *Schwartzman* v. *Pines Rubber Co.*, 189 App. Div. 749, 755; *McCraith* v. *Buss*, 198 App. Div. 524, 526; *Swift* v. *Aspell & Co.*, 40 Misc. 453; *Dunham* v. *Hastings Pavement Co.*, 118 App. Div. 127, affd. 189 N. Y. 500.) Some Federal decisions regarded as laying down a contrary rule have been specifically rejected as not controlling or persuasive (see cases last cited), and in

addition to that the remarks made in *Oscanyan* v. *Arms Co.* (103 U. S. 261, at pp. 275, 276) and also *Coyne* v. *Superior Incinerator Co.* (80 F. 2d 844, 847); *Hegness* v. *Chilberg* (224 F. 28) and *J. E. Hanger, Inc.* v. *Fitzsimmons* (273 F. 348) indicate that the Federal rule is not substantially different from the New York rule. (See 6 Williston on Contracts [Rev. ed.] § 1729A.) Several questions consequently would have to be considered before these defenses could be sustained, as, for example, whether this part of the Executive Order is within the authority conferred by Congress upon the President, whether plaintiff is not such a selling agent as is excepted from the operation of the order, whether the order really intended, and hence should be construed, to prevent contractors from paying regular employees on a commission basis, and whether, if so construed, the order can in effect abrogate a contract made in New York and valid under our law. In the view I take of the case those questions, however, need not be now decided.

The requirement of a warranty that the person who contracts with the government has not employed anyone to procure the contract upon an agreement for a commission perhaps may be regarded as a prohibition against such employment, but the penalties for violation of such assumed prohibition are specifically designated, and one of them is in effect a recognition of the validity of the contract, viz., the provision that the government may deduct the amount of the commission from the contract price. The order does not expressly provide that a contractor's agreement to pay commissions is void or voidable or unenforcible and no such provision should be read into it. (*Sajor* v. *Ampol, Inc.*, 275 N. Y. 125, 130, 131; *Fosdick* v. *Investors Syndicate*, 266 N. Y. 130; *Dunlop* v. *Mercer*, 156 F. 545, 555; *Fritts* v. *Palmer*, 132 U. S. 282, 289.)

Furthermore, even if the order be construed as making the contractor's agreement to pay commissions illegal, it does not necessarily follow that one, who was promised a commission would be precluded from enforcing the promise, for the general rule that no right of action can spring out of an illegal contract is subject to exceptions, and where the prohibiting statute or order " does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy or appropriate individual punishment, the right to recover will not be denied." (*Rosasco Creameries, Inc.* v. *Cohen*, 276 N. Y. 274, 278; *Dunlop* v. *Mercer*, 156 F. 545, 555, 556, *supra;* 6 Williston on Contracts [Rev. ed.] §§ 1764, 1789.)

Considering the terms of the order and the evil aimed at, I think denial of relief to one who has obtained governmental contracts upon the contractor's promise to pay a commission would be "out of proportion to the requirements of public policy or appropriate individual punishment", and that this case is governed by the cases of which *Rosasco Creameries, Inc.* v. *Cohen, supra,* is a type, rather than by those of which *Carmine* v. *Murphy* (285 N. Y. 413) is a type.

The fourth complete and third partial defenses are accordingly stricken out, but as to the other defenses and the counterclaim the motion to strike is denied.