In an action to recover damages for breach of a contract to pay plaintiff a commission for his services in bringing about the lease of defendant’s property by a department of the United States Government, judgment in favor of plaintiff, entered on the verdict of a jury, unanimously affirmed, with costs. Although the defense that the contract was void as against public policy was not pleaded or raised at the trial, it may be raised for the first time on appeal. (Drake v. Lauer, 93 App. Div. 86, affd. 182 N. Y. 533.) The validity of this contract of brokerage entered into by citizens of this State is not .governed by the Federal Constitution or act of Congress. In such case, the State rule of public policy governs rather than the Federal rule. (Erie B. Co. v. Tompkins, 304 U. S. 64, 78.) The State rule is that a contract such as the- one here involved is valid where no fraud upon the Government is imputed, and no suggestion is made of pecuniary influence to be used or of intended corruption. (Lyon v. Mitchell, 36 N. Y. 235; Southard v. Boyd, 51 N. Y. 177.) However, even if the Federal rule were applicable, the contract would still be valid in view of the fact that the services were of a legitimate character and nothing sinister or improper was done or contemplated. (Stanton v. Embtey, 93 U. S. 548, 557; Oscanyan v. .Arms Co., 103 U. S. 261, 275; Valdes v. Larrinaga, 233 U. S. 705, 709; Steele v. Drummond, 275 U. S. 199, 206; Coyne v. Superior Incinerator Co. of Texas, 80 F. 2d 844.) There is nothing contained in Executive Order No. 9001 (Code of Fed. Reg., Cum. Supp., tit. 3, p. 1054), issued December 27, 1941, which requires a different conclusion. The proof was sufficient to justify the verdict pursuant to the charge of the court, to which no exception was taken. A claim similar to the one in the case at bar was upheld in Taylor v. City Investing Go. (296 N. Y. 543). Hagarty, Acting P. J., Johnston, Nolan and Sneed, JJ., concur; Carswell,'J., concurs in the result;