JOHN A. ELMORE, Respondent, *v.* ELIZABETH B. SNOW et al., Appellants.

Third Department, October 30, 1968.

*Whalen, McNamee, Creble & Nichols* (*Charles E. Nichols* of counsel), for appellants.

*Harry R. Hayes* for respondent.

HERLIHY, J.  This case has been before this court previously on a motion for summary judgment and the facts are set forth at 26 A D 2d 719.  Upon that and another appeal this court held (1) that the agreement was not illegal per se; and (2) that the agreement constituted a contract as opposed to a testamentary document; and (3) that factual issues existed as to the possible intention of the parties to the agreement to suppress it and thereby illegally obtain the benefit of a marital deduction under New York Tax Law (§ 249-s, subd. 3, par. [f]) and under the United States Code (tit. 26, § 2056, subd. [b], par. [5]).  (See 26 A D 2d 719, 790; 28 A D 2d 1071.)  The plaintiff is a stepson of the decedent Edward J. Boughton and is a maternal natural brother of the appellants who seek to impugn the character and integrity of their natural father, Edward J. Boughton.

The testimony of plaintiff as a party to the agreement was introduced before the trial court and that court found that as a matter of fact there was no intention to suppress or use the agreement in an illegal manner.

Upon this appeal the appellants do not expressly argue that the trial court erred when it found upon the facts that there was no illegal intention and insofar as their arguments do question such finding, we determine that the evidence before that court supported its conclusion.  The appellants do, however, seek to have this court re-examine its prior determination that the contract is not illegal per se.  In this regard the appellants argue that upon the record before this court, this court should

find as a matter of fact and law that the document has a tendency to contravene the public policy expressed in the afore-mentioned tax laws and that any agreement which has such a tendency is unenforcible as being illegal as a matter of law.

There is nothing in the testimony before the trial court which would have any effect on the enforcibility of the subject agreement. The contravention of public policy, if any, must exist as a matter of law within the nature of such an agreement and indeed, the contention of the appellants, although referring to facts, is actually based on the inherent nature of the agreement.

It has been held that an agreement to use one's public office to provide pecuniary gain from private contracts or an agreement to attempt to use public agencies in such a way as to secure a private gain, renders such agreements illegal as against public policy, whether or not it is shown that there was an actual and corrupt intent present at the time of making such agreements. (See *Veazey* v. *Allen,* 173 N. Y. 359; *Mills* v. *Mills,* 40 N. Y. 543.) The public policy there involved is one of securing the confidence of the people in the government and accordingly, any agreement which " tends to subject the legislature to influences destructive of its character " is unenforcible. (*Mills* v. *Mills,* 40 N. Y. 543, 546.) In *Tooker* v. *Inter-County Title Guar. & Mtge. Co.* (295 N. Y. 386, 389, 390) it was held that a director of a banking institution could not enter into an enforcible agreement which would result in his personally owned stock in such institution retaining its cost value regardless of such losses as the bank might suffer, as it violated the public policy of the Banking Law. In the case of *Stone* v. *Freeman* (298 N. Y. 268, 270) the court was presented with an agreement which on its face violated the Penal Law. The court held that an affirmative cause of action could not be founded upon such an illegal agreement. In the case of *Manson* v. *Curtis* (223 N. Y. 313, 320) the court said: " The ascertainment of the substantial intent of the parties, as expressed, is the fundamental rule in the interpretation of all contracts. We must look to the agreement as a whole, to the matters with which it deals, to the circumstances under which it was made and thereby determine the true intent and purpose of the parties, and if such intent and purpose [illegal] is reasonably within the scope of the language used it must be taken to be a part of the agreement the same as if it were plainly expressed." The court found an illegal intent expressed in the language of the document before it. *Hasbrouck* v. *Rymkevitch* (25 A D 2d 187), having to do with serving two masters, is not controlling or material, nor is *Gregory* v. *Helvering* (293 U. S. 465).

The above-cited cases are referred to by the appellants in their brief.

It must be noted that in all of the above cases, the agreements involved either directly contravened a statute or the common law or else the agreements were of such a nature as to tend to lend themselves to illegality or corruption in carrying out their terms. The appellants fail to note that the unenforcibility of those agreements did not result from the use of such agreements, but rather from the manner in which they were to be performed. In the present case, the only possible way in which the agreement could have contravened the letter or spirit and intent of the tax laws would have been by a *suppression* of the agreement. That the actions of the parties in regard to disclosure of the agreement could result in a wrongful advantage of the State and Federal Governments is not sufficient to make the agreement one which tends to violate public policy. Any agreement by a married person to make a devise to someone other than his spouse would become unenforcible if the mere possibility of suppression were sufficient to show an intent or tendency to thwart the tax laws.

Pursuant to the terms of the instant agreement, the decedent agreed to make a certain devise by will and the plaintiff agreed that if his mother should survive the decedent and he should acquire more than one fourth of certain property as a result of her death, he would give such excess to or for the benefit of the defendants. The agreement refers to the fact that the testator had made a will which apparently qualified for the marital deduction, and to the then will of his wife disposing of such qualified property, and also to the fact that he might die intestate. The agreement itself does not infer any intent to suppress it, and if carried out according to its terms it could not possibly have resulted in any advantage under the tax laws. We are not prepared to state, as a factual situation, that the agreement between the stepfather and stepson was used merely as a scheme or device for concealing the real purpose of the agreement and was for the purpose of consummating a tax benefit. The testimony is convincing that such was not the fact as to any intent or tendency to seek tax evasion, but was rather for carrying out the decedent's wishes for an equal distribution among his natural and step children.

While we would not hold that an agreement in the nature of the one before this court could not be so drafted and/or entered into as to be contrary to public policy, upon the present record the subject agreement does not in fact or as a matter of law contravene public policy and is enforcible.

The appellants argue further that the agreement is not a contract, but instead is an attempted testamentary disposition. In this regard, we note that the facts adduced at the trial neither add nor detract from the record presented to the court upon the appeal at 26 A D 2d 719. Every agreement to make a will or disposition by will is testamentary in terms of the contemplated final result of such an agreement. The case of *McCarthy* v. *Pieret* (281 N. Y. 407), relied upon by the appellants, does not control the present matter. In the *McCarthy* case the question was whether or not there had been a valid *inter vivos* gift, and the court found it was not intended to make a present gift, but simply to make a testamentary disposition.

We affirm our former finding of law that there was consideration for the making and execution of the contract.

The judgment should be affirmed.

GIBSON, P. J., REYNOLDS, AULISI and STALEY, JR., JJ., concur.

Judgment affirmed, with costs.